## Wolfe's Disbarment.

*Attorneys-at-law — Disbarment — Misconduct outside of professional employment—Conviction of crime—Effect of pardon.*

1. An attorney-at-law may be disbarred for misconduct in affairs apart from his professional employment.

2. An attorney-at-law is properly disbarred where it appears that, in addition to practising law, he conducted the business of pawnbroker, in the course of which he made a practice of receiving stolen goods from known thieves, that he represented himself as able in his professional capacity to aid them in procuring immunity from the law, and thereby encouraged and solicited further business of this unlawful character.

3. The fact that an attorney-at-law, after conviction for a crime, has been pardoned before he has served out his term of imprisonment, does not prevent the court from disbarring him.

Argued November 30, 1926. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 211, Jan. T., 1926, by I. Austin Wolfe, from order of C. P. No. 2, Phila. Co., Sept. T., 1924, No. 10129, disbarring attorney-at-law in case of Petition for Disbarment of I. Austin Wolfe. Affirmed.

Petition for disbarment. Before GORDON, J.

The opinion of the Supreme Court states the facts.

Decree for disbarment entered. I. Austin Wolfe appealed.

*Error assigned* was order, quoting it.

*Chester N. Farr,* with him *B. D. Oliensis,* for appellant.—Where an attorney was convicted of a crime entirely outside of his professional activities,—that of receiving stolen goods,—and received a full and unconditional pardon from the Governor, he subsequently may not be disbarred by reason thereof: Steinman's Case, 95 Pa. 220; Gate's Case, 17 W. N. C. 142; Smith's App., 179 Pa. 14; A's Case, 11 Pa. Dist. R. 268; Dickens's Case, 67 Pa. 169; Davies's Case, 93 Pa. 116; Shoemaker's Case, 2 Pa. Superior Ct. 27; Barach's Case, 279 Pa. 89; Wall's Case, 107 U. S. 265; Margolis's Case, 269 Pa. 206.

A full and unconditional pardon does not merely remit the punishment; it actually, in contemplation of law, wipes out the offense, and obliterates the conviction and all the disabilities and consequences flowing therefrom: Diehl v. Rogers, 169 Pa. 316; Garland's Case, 71 U. S. 333.

*Francis B. Biddle,* with him *Frederick C. Newbourg, Jr.,* for appellee.—Wolfe misbehaved in his office of attorney: Margolis's Case, 269 Pa. 206.

The courts have inherent jurisdiction to suspend or disbar attorneys for sufficient cause, not depending on any constitutional or statutory enactment: Wall's Case, 107 U. S. 265; Graffius's Case, 241 Pa. 222; Smith's App., 179 Pa. 14; Serfass's App., 116 Pa. 455; Steinman's Case, 95 Pa. 220; Davies's Case, 93 Pa. 116; Austin's Case, 5 Rawle 191; Oliensis's Disbarment, 26 Pa. Dist. R. 853.

The courts can disbar for misconduct not connected with the profession, and where there has been no trial: Dickens' Case, 67 Pa. 169; Steinman's Case, 95 Pa. 220; Thornton's Disbarment, 16 Pa. Dist. R. 422; Kennedy's Disbarment, 178 Pa. 232; Gottesfeld's Case, 245 Pa. 314.

To say that a pardon restores a man all his rights and puts him in the same status as he was before the conviction is not accurate: Diehl v. Rogers, 169 Pa. 316; Garland's Case, 71 U. S. 333; Dent v. West Virginia, 129 U. S. 114.

OPINION BY MR. JUSTICE SADLER, January 3, 1927:

Wolfe, the respondent in this proceeding, was admitted to practice by the courts of Philadelphia County in 1912, and thereafter followed the work of his profession. At the same time he owned and managed a pawnbroker's shop. In 1922 a charge of receiving stolen goods was lodged against him while engaged in the latter capacity, and a conviction resulted, affirmed on appeal: Com. v. Wolfe, 81 Pa. Superior Ct. 512. A pardon was granted by the Governor on July 3, 1924, before the completion of service of the minimum sentence imposed. In November of the same year, the Law Association presented a petition asking that his name be stricken from the roll of attorneys, on the ground that the proven conduct disclosed unfitness to continue in practice. On December 29, 1925, an order was entered disbarring the respondent (Wolfe's Disbarment, 7 Pa. D. & C. R. 71), and the present appeal raises the question of the correctness of that decree.

In view of the grant of the pardon, the conclusions of the court were not rested upon an offer of the record of the conviction in the oyer and terminer, but all of the evidence adduced at the original trial was by agreement submitted and made the basis of the findings reached. The court's determination of the facts shown can be best stated in its words as set forth in the opinion filed: "We have considered [the] evidence with care, and are forced to the conclusion that, prior to his indictment, the respondent, in addition to his activities as a practicing attorney, conducted the business of a pawnbroker; that in this business he made a practice of receiving stolen goods from known thieves; that he represented himself

as able in his professional capacity, to aid them in procuring immunity from the law, should their criminal acts be detected, and thereby encouraged and solicited further business of this unlawful character; and that his conduct in this respect was deliberate and systematic."

Our examination of the record convinces us the findings as quoted were justified, and, unless some of the legal reasons advanced make improper the entry of the order disbarring Wolfe, the decree appealed from should be affirmed. Before admission to the bar the court must be satisfied of the moral fitness of an applicant, and, if it subsequently learns that the attorney is no longer to be trusted, it becomes its duty on proper application, to see that he ceases to be held out as worthy of professional employment: Davies's Case, 93 Pa. 116. The exercise of this power is inherent in the court, and not limited by reason of the legislative provision for summary proceedings, where money of a client has been improperly retained, especially directed by the Act of 1834 (April 14, P. L. 333, section 74): Graffius's Case, 241 Pa. 222; Balogh v. Jackson, 272 Pa. 482.

Statements are to be found in some of our decisions that an attorney cannot be removed unless the misconduct made known occurred during the course of his work as a member of the bar, but the true rule was stated by Justice STEWART (Gottesfeld's Case, 245 Pa. 314, 317) in these words: "It was of no consequence that, in committing the offense of which he was convicted, appellant was exercising no function of his professional office......The disbarment that followed was not punitive, but protective simply. Courts can command public confidence only as those who serve therein are themselves observant of the law which it is the duty of the courts to enforce. In his high office the attorney is a minister of justice; he ceases so to be when, whether in the line of his professional work or outside of it, he prostitutes his knowledge of the law and the skill he has

acquired therein to thwart the law by deceit and falsehood in its one and only purpose, viz: to accomplish distributive justice among men." So this court has held that a practitioner, who conspired to fraudulently conceal assets from a trustee in bankruptcy should be disbarred, and a like conclusion was reached where the evidence disclosed the encouragement of others to violate a federal statute: Margolis's Case, 269 Pa. 206.

The wrongful acts complained of need not be indictable (Dickens's Case, 67 Pa. 169) to justify disbarment, and the entry of a nolle prosequi in a prosecution begun will not terminate a proceeding to remove him from the bar (Davies's Case, supra), nor will the actual acquittal of the crime charged prevent action, when appropriate: Barach's Case, 279 Pa. 89; Kennedy's Disbarment, 178 Pa. 232. The right to so order rests on a finding that, by his misbehavior, the attorney has forfeited his right to practice, and should no longer be represented to the public as fit.

It is most earnestly urged by able counsel here that, even though disbarment may be directed for acts not done in the course of professional work, yet the pardon granted by the Governor had the effect of removing all disabilities arising from his wrongful conduct. Though it did relieve of all liability to further punishment, we cannot say there was withdrawn from the court the power to investigate as to the propriety of retaining the attorney as a member of the bar. In the present case the record of the conviction was not used in reaching a determination, but the court was asked by both parties to pass on the submitted facts as disclosed at the trial.

There is no doubt that the grant of a pardon removes the consequences which ordinarily flow from a verdict of guilty, such as restoring to him the right to testify where the offense which had been charged was perjury, a part of the sentence being a disqualification to thereafter be sworn as a witness: Diehl v. Rodgers, 169 Pa. 316. Broad language is also to be found as to the effect

of the exercise of clemency in Garland's Case, 71 U. S. 333. This decision can, however, well be distinguished on its facts from the situation presented here. The court was really called on there to decide the effect of the passage of a federal act compelling attorneys admitted to the United States courts to take oaths that they had not borne arms against the government during the Civil War. This legislation was held to be ex post facto, and therefore void as to one already practicing. Such conclusion finds apparent support in Dent v. West Virginia, 129 U. S. 114. The expression used by the same tribunal in Wall's Case, 107 U. S. 265, more clearly meets the present situation, when it was said: "The proceeding [to disbar] is in its nature civil, and collateral to any criminal proceeding by indictment. The proceeding is not for the purpose of punishment but for the purpose of preserving the courts of justice from the official ministrations of persons unfit to practice in them."

Though the decisions in the various states are not in harmony as to the effect of the exercise of executive grace on a convicted defendant, when subsequent disbarment proceedings are instituted, the weight of authority is to the effect that such action does not make it improper for the court to proceed. The generally accepted rule has been thus stated: "In a proceeding to disbar an attorney on the ground that he has been convicted of a crime, the fact that he may have been restored to his rights of citizenship by pardon, by serving out his term of imprisonment, or by the payment of a fine is not, in most jurisdictions, a defense to proceedings for disbarment": 6 C. J. 587; 2 R. C. L. 1102; Annotated Cases, 1917A, note 1226. Pertinent authorities upholding the right to proceed will be found at the pages referred to. It may be observed that it is the rule approved in New York, Illinois, California, Colorado, Oregon and Kentucky, where the question has been considered. The decisions to the contrary in Texas and Maine

can be readily distinguished. In the first the proceeding was set aside because based on the record of the conviction, and in the second because of delay in instituting the action. Acquittal of a criminal charge in Pennsylvania is no defense to actions where the misconduct under investigation shows unfitness of the attorney to be entrusted with the powers and obligations of his profession, and there is no reason why the pardon should have greater effect. It was so held without discussion in Ingersoll's Case, 1 W. N. C. 18.

Realizing the serious consequences to respondent, we have examined with care the authorities cited by counsel, and such others as we could find, as well as the evidence presented, and are convinced that the conclusion reached below should not be disturbed.

The order appealed from is affirmed; costs to be paid by appellant.