## Commonwealth ex rel. Gist v. Banmiller

*Benjamin H. Renshaw, Jr.*, and *Juanita Kidd Stout*, Assistant District Attorneys, and *Victor H. Blanc*, District Attorney, for Commonwealth.

*Edward Gist*, relator, p. p.

WATERS, J., June 1, 1959.—Petitioner has taken an appeal from the order of this court discharging a rule granted on respondent to show cause why a writ of habeas corpus should not be issued. This opinion is therefore filed in accordance with the mandate set forth in Supreme Court rule no. 43.

The petition sets forth that relator was arrested on January 14, 1956, and was brought before Magistrate Mongelluzzo and charged with assault and battery. Thereafter the victim died and petitioner was charged with murder, robbery and burglary. He was committed to the county prison and held without bail for action by the grand jury. Petitioner was indicted on bill no. 179, February sessions, 1956. Petitioner was held at the county prison until February 26, 1957, when he was brought to trial before Judge Weinrott and a

jury. He was found guilty of murder in the first degree and the jury recommended life imprisonment. A motion for new trial was overruled on May 8, 1957, and on that date defendant was sentenced to a term of life imprisonment effective as of January 19, 1956.

Petitioner contends that his conviction and sentence were illegal because he was not granted a speedy trial as required by article I, sec. 9, of the Pennsylvania Constitution and the Fourteenth Amendment, as it incorporates the Sixth Amendment of the Federal Constitution. The petition sets forth that defendant was not brought to trial for a period of 14 months, that "several terms of court passed" and that his case was continued on "at least three occasions" without his consent or presence. The petition sets forth that a long delay in trial "may" result in loss of witnesses.

The petition failed to set forth any ground for the issuance of a writ of habeas corpus. Assuming that petitioner's trial was unduly delayed, such matter did not oust the court's jurisdiction nor vitiate an otherwise fair trial. In Commonwealth v. Fisher, 226 Pa. 189 (1910), and Clark v. Commonwealth, 29 Pa. 129 (1858), it was held that an application for discharge under the two-term rule is essentially a habeas corpus proceeding; that it is a proceeding separate and distinct from the trial of the cause and is not a matter which is reviewable on appeal following a conviction.

This is, of course, a habeas corpus proceeding but it is, in any event, brought too late. The right to be discharged under the so-called "two-term rule" is a right which exists prior to trial; it does not erect a barrier to a proper prosecution and trial. After trial and conviction the only question is whether there was a fair trial before a competent tribunal. A complaint that the trial was unduly delayed is directed to the moot question of whether the prisoner *should have been* released pending trial. After conviction his incarcera-

tion is proper. Petitioner has not demonstrated that the delay in bringing him to trial was such fundamental error that it implies "an abiding conviction that the trial was not fair; that the very jurisdiction of the court in the premises must be regarded as ousted": Commonwealth ex rel. Cavallucci v. Burke, 84 D. & C. 449, 452 (1952).

For the foregoing reasons we dismissed the petition and discharged the rule for the writ.