Commonwealth ex rel. Gist, Appellant, *v.*
Rundle.

</div>

Submitted April 21, 1965. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Edward Gist,* appellant, in propria persona.

*Ted E. Freedman* and *Joseph M. Smith,* Assistant District Attorneys, *F. Emmett Fitzpatrick, Jr.,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for appellee.

OPINION BY MR. JUSTICE ROBERTS, November 23, 1965:

Appellant, presently serving a life sentence following his conviction in a trial by jury of murder in the first degree, appeals the dismissal, without hearing, of a petition for a writ of habeas corpus.[1] His numerous

---

[1] This is the second occasion in which appellant has sought habeas corpus in the state courts. The first petition was also dismissed. *Commonwealth ex rel. Gist v. Banmiller,* 19 Pa. D. & C. 2d 347 (C.P. Phila. 1959), aff'd, 398 Pa. 162, 157 A. 2d 166 (1960) (per curiam). In that petition, the contention was made, as is made presently, that the failure to hold a speedy trial voided his conviction. After the dismissal of the petition, appellant filed a similar petition, alleging the same ground, in the federal courts. The petition was dismissed by the United States District Court for the Eastern District of Pennsylvania. (Misc. No. 2186, June 2, 1960) (GRIM, J.). The opinion is apparently unreported. That dismissal was affirmed by the United States Court of Appeals for the Third Circuit. *United States ex rel. Gist v. Banmiller,* 286 F. 2d 245 (3d Cir. 1961).

contentions[2] have no merit and were properly disposed of by the court below. Only one issue raised by this appeal requires our discussion.

Appellant contends that the introduction at trial, prior to the adoption of the Split-Verdict Act,[3] of the record of one prior conviction[4] amounted to a denial of due process and invalidated his conviction. We are unable to agree. An examination of the instant record discloses that appellant suffered no realistic probability of prejudice by the introduction of such prior conviction and no denial of his rights occurred thereby. Cf. *United States ex rel. Rucker v. Myers,* 311 F. 2d 311 (3d Cir. 1962), cert. denied, 374 U.S. 844 (1963) ; *Commonwealth ex rel. Marino v. Myers,* 419 Pa. 448, 214 A. 2d 491 (1965).

Appellant was charged with the slaying of one John Harris, the father of an acquaintance. Harris, 87 years old, died as the result of a severe beating. The evidence of appellant's guilt, although circumstantial, was overwhelming. He was apprehended by the police at the scene of the crime and in the presence of the victim. His clothing evidenced that he had been engaged in a struggle: his trousers were torn and blood was found on his topcoat and shirt. Testimony was adduced which tended to place the murder weapon in his possession prior to the slaying. Certain valuables identified as belonging to the victim were found on appellant's person. And, although he sought to establish an alibi,[5] he was unable to account for his activities at the

---

[2] Among the contentions alleged to have invalidated appellant's conviction were the lack of counsel at the preliminary hearing, the failure of the Commonwealth to ensure a speedy trial, and his denial of the assistance of effective counsel.

[3] Act of December 1, 1959, P. L. 1621, §1, 18 P.S. §4701.

[4] Appellant's prior conviction involved a charge, seven years previously, of carrying a concealed deadly weapon.

[5] Appellant claimed to have come across the victim already beaten and unconscious. The time at which the beating was esti-

time the beating was believed to have taken place. Moreover, certain of appellant's statements made at the scene, not controverted at trial, tended to connect him with the crime.

Under such circumstances, we conclude that there was no realistic probability that the jury's awareness of appellant's prior conviction entered into its deliberation on the issue of guilt. Our conclusion is reinforced by the fact that appellant's prior conviction, carrying a concealed deadly weapon, unlike the situation in *United States ex rel. Johnson v. Rundle,* 243 F. Supp. 695 (E.D. Pa.), aff'd on the opinion below, 349 F. 2d 416 (3d Cir. 1965), had no particular relevance to the crime charged in light of the fact that the victim had been beaten to death.

The totality of these circumstances place the instant case within the ambit of *United States ex rel. Rucker v. Myers,* supra, and are clearly distinguishable from the prejudicial configuration found to be present in *United States ex rel. Johnson v. Rundle,* supra, and *United States ex rel. Scoleri v. Banmiller,* 310 F. 2d 720 (3d Cir. 1962), cert. denied, 374 U.S. 828 (1963). Cf. *Commonwealth ex rel. Marino v. Myers,* 419 Pa. 448, 214 A. 2d 491 (1965).

Order affirmed.

---

mated to have occurred, earlier than appellant's claimed entry to the victim's home, was fixed by the testimony of the victim's neighbors who heard cries emanating from the house.