Commonwealth ex rel. Cannon, Appellant, *v.* Maroney.

Argued October 1, 1965.  Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN and ROBERTS, JJ.

*Hymen Schlesinger,* with him *M. Y. Steinberg, Henry Mustin, Walter T. McGough,* and *Reed, Smith, Shaw & McClay,* for appellant.

*Edwin J. Martin,* Assistant District Attorney, with him *Robert W. Duggan,* District Attorney, for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, November 23, 1965:

This is an appeal from the Order of the Court of Common Pleas of Allegheny County dismissing without a hearing the petition of James Cannon for a Writ of Habeas Corpus.

Cannon shot and killed Charles Williams in a bar on April 13, 1949. For several years thereafter, he was a fugitive from justice. He was finally apprehended, and convicted of murder in the first degree on September 12, 1953 and sentenced to life imprisonment. He thereafter appealed to this Court, which affirmed his conviction and sentence. See *Commonwealth v. Cannon*, 386 Pa. 62, 123 A. 2d 675 (June 25, 1956).

Relator contends that he was denied his Constitutional rights (1) by the admission into evidence of a prior conviction of manslaughter in Maryland, for which he had been subsequently pardoned, and (2) by the conduct of the prosecuting attorney (a) in his opening remarks to the jury, and (b) in cross-examining relator.

Each and all of the arguments and contentions made by relator in this habeas corpus proceeding had been made by him in his direct appeal to this Court from his aforesaid conviction of and sentence for murder in the first degree, and each and all of them had been carefully and thoroughly analyzed and reviewed and decided adversely to Cannon in *Commonwealth v. Cannon*, 386 Pa., supra.

In *Commonwealth v. Cannon*, 386 Pa., supra, the Court said (pages 65-66): "That brings us to the second question involved—Can the Commonwealth offer evidence of a prior crime of which defendant was convicted but pardoned? It is important to note once again that this question arises only in connection with the fixing of a penalty, namely, death or life imprisonment. While the authorities throughout the country

are in sharp disagreement as to the effect of a pardon, and while language may be found in some of our cases sufficiently broad to exclude the record of a pardoned crime, Pennsylvania has flatly ruled, at least for the limited purpose here involved, that the record of a prior crime of which defendant has been pardoned is admissible: Commonwealth ex rel. v. Smith, 324 Pa. 73, 187 A. 387; Carlesi v. People of New York, 233 U.S. 51. Cf. also: Commonwealth v. Quaranta, 295 Pa. 264, 145 A. 89; Wolfe's Disbarment, 288 Pa. 331, 135 A. 732."

Our decision in Cannon's aforesaid appeal is reinforced by Article 41, §74 of the Annotated Code of Maryland of 1939* which was in effect when the homicide and trial of Cannon occurred. That section provides: "(a) A *pardon*\*\* is an act of clemency, evidenced by a written executive order signed by the Governor under the great seal, absolving the grantee thereof from the guilt of his criminal acts and exempting him from any pains and penalties imposed upon him therefor by law. *It shall be presumed that the grantee of a pardon had been lawfully and properly convicted* of a crime against the state unless the order shall make known that the grantee has been conclusively shown to have been convicted in error."

Relator's pardon did not "make known that [he was] convicted in error."

So long as the Maryland pardon did not alter the fact of Cannon's felonious conduct which resulted in his lawful and proper conviction of murder (in Maryland), the record of such conviction was properly admissible in Pennsylvania to enable the jury to know what manner of man Cannon was and to aid them in properly fixing an appropriate penalty.

---

\* Re-enacted in 1951 and again in 1957.

\*\* Italics throughout, ours.

It is clear as crystal, therefore, that this Court did not err in considering Cannon's prior conviction in Maryland for the limited purpose set forth in our prior Opinion, nor do the facts evidence that realistic probability of serious prejudice which the record disclosed in *United States ex rel. Johnson v. Rundle,* 349 F. 2d 416, or in *United States ex rel. Scoleri v. Banmiller,* 310 F. 2d 720; cert. denied, 374 U.S. 828. Cf. also *Commonwealth ex rel. Marino v. Myers,* 419 Pa. 448, 214 A. 2d 491; *Commonwealth ex rel. Gist v. Rundle,* 419 Pa. 458, 214 A. 2d 496.

Order affirmed.

Mr. Justice COHEN dissents.

Mr. Justice O'BRIEN took no part in the consideration or decision of this case.

---

DISSENTING OPINION BY MR. JUSTICE MUSMANNO:

In spite of what the Annotated Code of Maryland says, as quoted in the Majority Opinion, I still believe it is a deprivation of a man's constitutional rights to introduce in evidence, when he is on trial for a wholly different crime, record of a prior conviction of another crime, when he has been pardoned by the sovereign power of the State of that crime and conviction.

In contemplation of law, a pardon "so far blots out the offense, that afterwards it cannot be imputed to him to prevent the assertion of his legal rights. It gives to him a new credit and capacity, and rehabilitates him to that extent in his former position" (*Knote v. United States,* 95 U.S. 149), and hence its effect "is to make the offender a new man." (4 Blackstone Com. 402).

Thus, for the Commonwealth to inform the jury that the accused was once convicted of a heinous offense, when the record shows he was pardoned, is to make him an "old man" again, and cripple him in his trial on the current charge. He is made to drag chains from which the law has already emancipated him. He is

made to suffer a punishment which the law has already remitted. To pardon and yet to punish is a blatant contradiction. It is like a parent forgiving his child. while chastising him with a strap; or like absolving one's debtor while ordering the sheriff to sell his home; or condoning a neighbor's transgressions while shooting his dog; or wiping a slate clean while immersing it in mire; or letting bygones be bygones while preparing an act of vindictive reprisal.

A pardon represents the most powerful exercise of sovereign power insofar as individuals are concerned. It achieves the magic of turning back time and making nonexistent what was once existent. It reconstructs the bridge of honor which was broken; it repairs the wall of credit which had been breached; it replaces over the house of one's good name the roof of good repute which had tumbled.

The pardoning power of a sovereign is as much a part of government as the prosecuting power. The wiping out of a criminal record by the Executive Department of the State, under its constitutional authority to do so, carries as much potency as the original writing of that record and, coming later, predominates and supersedes everything that went before.

In spite of what this Court said in *Commonwealth v. Cannon,* 386 Pa. 62, it is my belief that Cannon was improperly convicted and, therefore, is improperly imprisoned, and consequently entitled to relief through the issuance of the writ of habeas corpus.

I, therefore, dissent to the decision of this Court which denies the petitioner that writ.