**UNITED STATES ex rel. James CANNON, Petitioner,**

v.

**James F. MARONEY, Superintendent, State Correctional Institution, Pittsburgh, Pa.**

**Civ. A. No. 66-428.**

United States District Court
W. D. Pennsylvania.

June 23, 1966.

Hymen Schlesinger and M. Y. Steinberg, Pittsburgh, Pa., for petitioner.

Louis Abromson, Asst. Dist. Atty., Pittsburgh, Pa., for respondent.

## OPINION

MARSH, District Judge.

This is a petition for a writ of habeas corpus filed by the relator, James Cannon, who is presently in the custody of the respondent. The factual background on which the petition is based is not disputed.

On September 19, 1949, at No. 103 September Sessions, 1949, Court of Oyer & Terminer, Allegheny County, Pennsylvania, the relator was indicted for murder and voluntary manslaughter in connection with the death of one Charles M. Williams. On December 7, 1953, a jury trial on this indictment was commenced.

During his opening address to the jury, the prosecuting attorney stated: "This was not the first time that James Cannon took the life of another human being." Following this remark defense counsel moved for the withdrawal of a juror. The motion was denied by the trial judge who subsequently cautioned against further references to past convictions.[1]

Near the close of the Commonwealth's case, a prior conviction of Cannon for manslaughter in the State of Maryland was admitted into evidence over the objection of defense counsel. The conviction was offered for the sole purpose of fixing punishment should Cannon be found guilty of murder in the first degree.[2] In 1953 this was permissible in Pennsylvania.[3] A notation on the record of conviction indicated that Cannon had been pardoned for that offense by the Governor of Maryland.[4]

Cannon, whose defense was an alibi, took the stand in his own behalf. On cross-examination he was asked whether he had previously attacked one Georgia Fuller with the result that she required 17 stitches. Defense counsel again moved for the withdrawal of a juror, and the motion was again denied. However, the trial judge instructed the jury to disregard the district attorney's question and would permit no further questioning on the matter.[5]

On December 12, 1953, the jury found Cannon guilty of murder in the first degree and, in accordance with the then applicable statute,[6] fixed the penalty at life imprisonment. On appeal to the Su-

1. Transcript of Testimony, pp. 4–5.

2. T., pp. 435–442.

3. See f.nn. 6, 11, infra. Commonwealth v. LaRue, 381 Pa. 113, 120, 112 A.2d 362 (1955); Commonwealth v. Lowry, 374 Pa. 594, 603, 98 A.2d 733 (1953); Commonwealth v. DePofi, 362 Pa. 229, 66 A.2d 649 (1949); Commonwealth v.

Simmons, 361 Pa. 391, 401, 65 A.2d 353 (1949).

4. T., p. 440. An obvious error as to the date of the pardon appeared in the notation.

5. T., pp. 495–497.

6. Act of June 24, 1939, P.L. 872, § 701, 18 Purdon's Pa.Stat.Ann. § 4701.

preme Court of Pennsylvania the judgment of conviction was affirmed.[7]

The relator, in his petition for the writ, raises two issues in connection with the aforementioned facts: (1) whether the conduct of the prosecuting attorney in his opening address and in his cross-examination of the relator constituted a denial of due process and a fair trial, and (2) whether the admission of the prior conviction in the State of Maryland constituted a denial of due process and a fair trial in view of the fact that relator was pardoned for that offense. He does not raise the broader issue of the constitutionality of admitting a prior conviction in and of itself before the jury has determined the guilt of the defendant—the Parker Rule.[8]

State remedies having been exhausted,[9] we issued a rule to show cause and, when counsel for the respondent failed to appear at oral argument on the rule, we ordered that a hearing be held. While the relator was present at the hearing, no testimony was taken, counsel for the parties having agreed to the facts and having stipulated that the issues raised were purely legal in nature.

In our opinion the petition for the writ should be denied.

█ In order to find a denial of the fundamental fairness which is the essence of due process, it is necessary to find that the absence of that fairness fatally infected the relator's trial; that the acts complained of were of such quality as to necessarily prevent a fair trial.[10] From our examination of the record, we are unable to conclude that the conduct of the prosecuting attorney was of such quality that the relator was necessarily prevented from receiving a fair trial.

█ The prosecuting attorney had a right to outline to the jury the facts he intended to prove by the Commonwealth's evidence. Under Pennsylvania law as it existed at the time of trial, he could prove and in fact did prove as part of the Commonwealth's case, albeit for a limited purpose, that Cannon was convicted of the crime of manslaughter in 1942.[11] Under these circumstances we cannot say that the relator's trial was fatally infected by the remark.

█ The cross-examination of the defendant, likewise, did not infect the trial so as to result in a denial of due process. Objection to the cross-examination was sustained by the able and alert trial judge who immediately instructed the jury to disregard the prosecutor's question. In our opinion the action of the trial judge completely remedied any prejudice which might have arisen from this

---

7. Commonwealth v. Cannon, 386 Pa. 62, 123 A.2d 675 (1956). The circumstances surrounding the crime, not material to the petition under consideration, are fully set forth in the opinion of the Supreme Court.

8. Compare United States ex rel. Scoleri v. Banmiller, 310 F.2d 720 (3d Cir. 1962) with United States ex rel. Rucker v. Myers, 311 F.2d 311 (3d Cir. 1962); and see, United States ex rel. Lowry v. Myers, 242 F.Supp. 477 (E.D.Pa. 1965); United States ex rel. Johnson v. Rundle, 243 F.Supp. 695 (E.D.Pa. 1964).

9. The same issues presented here were considered in the appeal from the judgment of conviction and were decided adversely to the relator. Commonwealth v. Cannon, supra, f.n. 7. A petition for a writ of habeas corpus, filed in this court at Civil No. 65–168, was denied by Judge Willson for failure to exhaust state remedies. Relator then filed a petition for the writ in the Court of Common Pleas of Allegheny County at No. 2626 April Term, 1965. From an order denying the petition without a hearing, relator appealed to the Supreme Court of Pennsylvania which affirmed the action of the lower court. Commonwealth ex rel. Cannon v. Maroney, 419 Pa. 461, 214 A.2d 498 (1965).

10. Lisenba v. People of State of California, 314 U.S. 219, 62 S.Ct. 280, 86 L.Ed. 166 (1941); United States ex rel. Irwin v. Pate, 357 F.2d 911 (7th Cir. 1966).

11. The Pennsylvania statute which permits the jury to fix the penalty as well as the guilt of the defendant, supra, f.n. 6, has since been amended to require the determination of punishment to be separated from the determination of guilt. Act of Dec. 1, 1959, P.L. 1621, § 1, 18 Purdon's Pa.Stat.Ann. § 4701.

line of questioning. Consequently, we hold that the district attorney's conduct, taken as a whole, did not result in fundamental unfairness and did not, therefore, reach such dimensions as to constitute a denial of due process.[12]

In asserting that the prior conviction should not have been admitted in view of the subsequent pardon thereof, relator argues that under the Full Faith and Credit Clause of the United States Constitution,[13] the effect of the pardon should be determined by reference to the law of Maryland. In this connection he argues that under Maryland law, a pardon obliterates the crime as though it had never been committed; hence, its admission in a Pennsylvania trial constituted a denial of due process.

The Supreme Court of Pennsylvania, in affirming the judgment of conviction, relied on Pennsylvania law as to the effect of a pardon and held that the fact of conviction was not obliterated by a subsequent pardon and hence was admissible in evidence.[14] In affirming the judgment of the Court of Common Pleas on the petition for a writ of habeas corpus, the Supreme Court further held that the result would not be different even if Maryland law were applied.[15]

We reach the same conclusion.

The Annotated Code of Maryland, Art. 41, § 107, which was in effect when Cannon was tried defines a pardon as follows:

"(a) A *pardon* [emphasis in original] is an act of clemency, evidenced by a written executive order signed by the Governor under the great seal, absolving the grantee thereof from the guilt of his criminal acts and exempt-

ing him from any pains and penalties imposed upon him therefor by law. *It shall be presumed that the grantee of a pardon had been lawfully and properly convicted of crime against the State unless the order shall make known that the grantee has been conclusively shown to have been convicted in error.* [Emphasis supplied.]"

In the case at bar the pardon did not state that Cannon had been "conclusively shown to have been convicted in error."

Relator relies on State ex rel. Murray v. Swenson, 196 Md. 222, 76 A.2d 150 (Md.Ct. of App.1950), as authority that the above statute was intended to be construed as obliterating the crime. We think such reliance is misplaced. The *Murray* case dealt with the right to a hearing when a conditional pardon has been revoked by the Governor. The Court in passing mentioned a full pardon but only in terms of the definition given it by the statute. It did not state the effect of such a pardon on the crime itself nor did it have to.

■■ Our research has disclosed no Maryland decision construing the effect of Art. 41, § 107(a) of the Annotated Code of Maryland. The general rule is that which is followed in Pennsylvania— a pardon does not obliterate the crime itself. The fact of conviction remains and the record of that fact may be used as evidence notwithstanding a subsequent pardon.[16] A pardon implies forgiveness and not forgetfulness.[17]

■ In view of the language used in the Maryland statute, we conclude that Maryland would follow the general rule and give the relator's pardon the same effect which Pennsylvania did. This

---

12. Lisenba v. People of State of California, supra, f.n. 10; United States ex rel. Irwin v. Pate, supra, f.n. 10; see also, United States ex rel. Castillo v. Fay, 350 F.2d 400 (2d Cir. 1965).

13. Article IV, § 1.

14. Commonwealth v. Cannon, supra, f.n. 7.

15. Commonwealth ex rel. Cannon v. Maroney, supra, f.n. 9.

16. Petition of De Angelis, 139 F.Supp. 779 (E.D.N.Y.1956); Commonwealth v. Cannon, supra, f.n. 7; Anno. 31 A.L.R.2d 1186 (effect of a pardon on application of habitual criminal statutes); Anno. 30 A.L.R.2d 893 (effect of a pardon on impeachment by proof of conviction of crime); 67 C.J.S. Pardons § 11, p. 575 et seq.

17. 67 C.J.S. Pardons § 11, p. 578.

being the case, the relator's prior conviction, although he was subsequently pardoned therefor, was properly admitted into evidence.

Having reviewed the record, we are convinced that relator received a fair trial in accordance with due process of law and in our opinion the petition for a writ of habeas corpus should be denied.

An appropriate order will be entered.