**UNITED STATES of America ex rel. Edward GIST, Appellant,**

v.

**Alfred T. RUNDLE, Superintendent, State Correctional Institution, Philadelphia, Pennsylvania, Appellee.**

**No. 16047.**

United States Court of Appeals
Third Circuit.

Submitted Dec. 1, 1966.

Decided Jan. 20, 1967.

Edward Gist, pro se.

Michael J. Rotko, Arlen Specter, Dist. Atty., Philadelphia, Pa. (Alan J. Davis, Asst. Dist. Atty., Chief, Appeals Division, Richard A. Sprague, First Asst. Dist. Atty., Philadelphia, Pa., on the brief), for appellee.

Before SMITH, FREEDMAN and SEITZ, Circuit Judges.

## OPINION OF THE COURT

WILLIAM F. SMITH, Circuit Judge.

This appeal is from the dismissal of a petition for writ of habeas corpus in which the appellant, in custody pursuant to the judgment of a State court, attacked the validity of his conviction for murder on the following grounds: first, denial of a speedy trial; second, lack of counsel at his arraignment before a magistrate; third, admission of evidence of a prior conviction unrelated to the crime with which he was charged; and fourth, denial of the effective assistance of counsel. There is no issue as to the exhaustion of available state remedies.

The first ground was urged in an earlier petition for habeas corpus, the dismissal of which was affirmed on appeal to this Court. United States ex rel. Gist v. Commonwealth of Pennsylvania, 286 F.2d 245 (3 Cir. 1961). Reconsideration is precluded by our earlier decision.

Whatever the purpose of a preliminary arraignment in a capital case under the law of Pennsylvania, the arraignment of the appellant in the instant case was not a critical stage in the criminal proceedings. He was not required to plead to the charge of murder contained in the complaint or to make any statement as to his guilt or innocence; it appears from the record that the appellant elected to remain silent, as he had a right to do, and nothing which transpired at the arraignment adversely affected his constitutional rights. The admitted absence of counsel under these circumstances did not deprive the appellant of any constitutionally protected right. United States ex rel. Machado v. Wilkins, 351 F.2d 892, 894 (2nd Cir. 1965), cert. den. 383 U.S. 916, 86 S.Ct. 908, 15 L.Ed. 2d 670; Chester v. People of State of California, 355 F.2d 778, 780 (9th Cir. 1966); Burnside v. State of Nebraska, 346 F.2d 88, 90 (8th Cir. 1965). The present case is clearly distinguishable on its facts from White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L. Ed.2d 193 (1963) and Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961), upon which the appellant relies.

Prior to the enactment of the split-verdict amendment of December 1, 1959, 18 P.S. § 4701 as amended, the appellant, represented by counsel, was tried by a court and jury on an indictment charging him with murder in the first degree. The evidence as to the appellant's guilt, although circumstantial, was substantial.

It is accurately summarized in Commonwealth ex rel. Gist v. Rundle, 419 Pa. 458, 214 A.2d 496 (1965), and we see no reason to repeat the summary in this opinion. We observe only that this is not a case in which the scales of justice were delicately balanced between guilt or innocence. There was ample evidence that the victim of the murder had been brutally beaten to death and that the appellant was the perpetrator of the crime.

At the trial the Commonwealth offered in evidence the appellant's criminal record which reflected that he had once been convicted of carrying a deadly weapon concealed on his person, a misdemeanor under 18 P.S. § 4416. The record was admitted pursuant to the then prevailing practice under which a jury, on finding a defendant guilty of murder in the first degree, was required to determine in the same proceeding whether the penalty should be death or life imprisonment. See generally United States ex rel. Scoleri v. Banmiller, 310 F.2d 720 (3rd Cir. 1962), cert. den. 374 U.S. 828, 83 S.Ct. 1866, 10 L.Ed.2d 1051; United States ex rel. Lowry v. Myers, 364 F.2d 297 (3rd Cir. 1966). The jury, having been adequately instructed as to the limited purpose of the said evidence, returned a verdict of guilty and in connection therewith fixed the penalty at life imprisonment. The court imposed the penalty so fixed.

■ It is clear that under the practice which prevailed at the time of the trial the record of the appellant's prior conviction was admissible as relevant solely on the issue of penalty. However, we are not here concerned with questions as to admissibility or relevance. The narrow issue for decision is whether the introduction of the evidence under the circumstances of this particular case was so fundamentally unfair as to deprive the appellant of due process. United States ex rel. Scoleri v. Banmiller, and United States ex rel. Lowry v. Myers, both supra. The test is whether the evidence was so prejudicial as to impair the right of the appellant to a fair determination by the jury of the question of his guilt. Ibid. We are convinced from our examination of the record that there was no such impairment in the instant case.

■ The admitted failure of defense counsel to interpose an objection to the introduction of the criminal record is the sole basis for the appellant's complaint that he was denied the effective assistance of counsel. The complaint, resting as it does solely on this failure, is clearly without merit.

The judgment of the court below will be affirmed.