**UNITED STATES of America ex rel. James CANNON, Appellant,**

v.

**James F. MARONEY, Superintendent, State Correctional Institution, Pittsburgh, Pa.**

**No. 16201.**

United States Court of Appeals
Third Circuit.

Argued Feb. 17, 1967.

Decided March 14, 1967.

Hymen Schlesinger, Pittsburgh, Pa., for appellant.

Edwin J. Martin, Asst. Dist. Atty., County of Allegheny, Pittsburgh, Pa. (Robert W. Duggan, Dist. Atty. of Allegheny County, Charles B. Watkins, Asst. Dist. Atty., Pittsburgh, Pa., on the brief), for appellee.

Before SMITH and SEITZ, Circuit Judges, and JOSEPH S. LORD III, District Judge.

## OPINION OF THE COURT

WILLIAM F. SMITH, Circuit Judge.

This appeal is from the dismissal of a petition for a writ of habeas corpus in which the appellant, in custody pursuant to the judgment of the Court of Oyer and Terminer of Allegheny County, Pennsylvania, attacked the validity of his conviction for murder on the ground that trial errors and irregularities were such as to deprive him of a fair trial in violation of the due process clause of the Fourteenth Amendment. The matter was submitted to the court below on the trial record.

Prior to the enactment of the split-verdict amendment of December 1, 1959, 18 P.S. § 4701 as amended, the appellant, represented by counsel, was tried by a court and jury on an indictment charging him with murder in the first degree. The evidence as to his guilt was substantial. At the trial the Commonwealth offered in evidence the record of the appellant's earlier conviction for manslaughter in Maryland; the record bore

a notation that the appellant had been pardoned. This evidence was admitted for the sole purpose of aiding the jury in its choice of punishment, a function entrusted to it under the statute above cited. The jury, having been adequately instructed as to the limited purpose of the said evidence, returned a verdict of guilty and in connection therewith fixed the penalty at life imprisonment, which the court imposed.

A motion for a new trial was denied and an appeal was then taken to the Supreme Court of Pennsylvania. On said appeal the appellant urged as grounds for reversal that the introduction of evidence as to his prior conviction was error as was the refusal of the trial court to grant his motion for a mistrial interposed when the district attorney made an allegedly improper reference to the conviction in his opening statement to the jury. The court found no merit in the grounds urged and affirmed the judgment of conviction. Commonwealth v. Cannon, 386 Pa. 62, 123 A.2d 675, cert. den. 352 U.S. 898, 77 S.Ct. 139, 1 L.Ed.2d 90. Some years later the appellant's attack on the introduction of the said evidence was renewed in a petition for writ of habeas corpus filed with the Court of Common Pleas of Allegheny County. In this proceeding an attack was directed also against the refusal of the trial court to grant a motion for a mistrial based upon the allegedly improper conduct of the district attorney during the cross-examination of the appellant.[1] The petition was dismissed without a hearing and on appeal the dismissal was affirmed. Commonwealth ex rel. Cannon v. Maroney, 419 Pa. 461, 214 A.2d 498.

The issues raised in the court below and on this appeal are substantially the same as those raised and resolved against the appellant in the proceedings before the Supreme Court of Pennsylvania. We consider them anew only because it is

---

1. Defense counsel objected to the interrogation of the appellant as to an unrelated offense of which he had not been convicted. The court sustained the objection and properly instructed the jury to disregard the testimony given by the appellant prior to the objection.

here contended that the cumulative effect of the alleged trial errors was so highly prejudicial as to deprive the appellant of a fair trial. We find no support for this contention in the record.

It is clear that under the practice which prevailed prior to the enactment of the split-verdict amendment, supra, it was the established state rule that in the trial of a defendant for murder in the first degree the record of his prior conviction of crime was admissible on the issue of punishment and could be considered by the jury in the event they found the defendant guilty as charged. Commonwealth v. Cannon, supra, 123 A. 2d 677, and the cases therein cited. The Supreme Court of Pennsylvania ruled in this very case, and in earlier decisions, that the record of a prior crime of which a defendant has been pardoned was similarly admissible. Commonwealth v. Cannon, supra, 677, and the cases therein cited; Commonwealth v. Maroney, supra, 214 A.2d 499. However, the appellant here contends that the application of the rule in the instant case violated the "Full Faith and Credit" clause of Article IV, § 1 of the Constitution. We do not agree.

■ The appellant maintains that under the Maryland Code of 1957, Art. 41, Sec. 107, the pardon obliterated his conviction as though the crime had not been committed. With this as a premise he argues that the admission of the evidence as to his prior conviction violated constitutional standards. The fallacy in the argument stems from the erroneous premise. The Code in pertinent part provides as follows:

> "A pardon is an act of clemency, * * * absolving the grantee thereof from the guilt of his criminal acts and exempting him from any pains and penalties imposed upon him therefor by law. *It shall be presumed that the grantee of a pardon had been lawfully and properly convicted of crime against the State unless the order shall make known that the grantee has been conclusively shown to have been convicted in error.*" (Emphasis supplied.)

It seems reasonably clear on a fair interpretation of the statute that a pardon obliterates the conviction as though the offense had not been committed only if it makes known "that the grantee has been conclusively shown to have been convicted in error." There was no such showing in the instant case.

■ Assuming that the pardon had the effect ascribed to it by the appellant, the admission of evidence as to his prior conviction did not involve any violation of the full faith and credit clause. Cf. Murray v. State of Louisiana, 347 F.2d 825 (5th Cir. 1965); Groseclose v. Plummer, 106 F.2d 311 (9th Cir. 1939), cert. den. 308 U.S. 614, 60 S.Ct. 264, 84 L.Ed. 513. The law of Pennsylvania, 18 P.S. § 4701 as amended, vests discretionary authority in the jury to fix the penalty, either death or life imprisonment, in the event a defendant is convicted of murder in the first degree. It seems to us that under these circumstances the highest court of Pennsylvania, without interference by the federal courts, may decide what evidence, if any, the jury may consider in its choice of punishment. U. S. ex rel. Gist v. Rundle, 371 F.2d 407 (3rd Cir. 1966). This it has done in a long line of decisions, including those rendered in this case.

■ The balance of the appellant's contentions are based upon alleged trial errors, particularly the refusal of the court to grant a mistrial, which the Supreme Court of Pennsylvania ruled was not reversible error. We find nothing in the contentions which would merit discussion. It is well settled that errors committed during the trial of a criminal case in a state court are not subject to review in a habeas corpus proceeding in a federal court unless it is shown that the errors were so conspicuously prejudicial as to deprive the defendant of a fair trial. Jackson v. People of California, 336 F.2d 521, 524 (9th Cir. 1964); Pike v. Dickson, 323 F.2d 856, 860 (9th Cir. 1963), cert. den. 377 U.S. 908, 84 S.Ct. 1164, 12 L.Ed.2d 179; Harrison v. Boles, 307 F.2d 928, 931 (4th Cir. 1962). There was no such showing here. The appel-

lant was accorded a fair trial, free of any error or irregularity amounting to a denial of due process.

The judgment of the court below will be affirmed.