UNITED STATES of America ex rel.
Theodore WATSON, Appellant,

v.

Howard D. YEAGER, Warden, New Jersey State Prison, Trenton, N. J.,
Appellees.

No. 71-1139.

United States Court of Appeals,
Third Circuit.

Submitted Under 3rd Cir. Rule 12(6)
Jan. 21, 1972.

Decided March 28, 1972.

Theodore Watson, pro se.

Charles A. Cohen, Camden, N. J., for appellee.

Before ADAMS and JAMES ROSEN, Circuit Judges, and STAPLETON, District Judge.

## OPINION OF THE COURT

PER CURIAM:

This is an appeal from the refusal of the district court to grant appellant's petition for a writ of habeas corpus.

In February 1968 appellant, Watson, was convicted by a jury in Camden, New Jersey of atrocious assault and battery, N.J.S.A. 2A:90-1, and armed robbery, N.J.S.A. 2A:141-1 and 151-5. He is presently incarcerated in the New Jersey State Prison in Trenton, New Jersey pursuant to an aggregated sentence of 12-15 years imprisonment imposed upon him by the trial judge. His conviction was affirmed in the Superior Court of New Jersey, Appellate Division.[1] The

---

1. Docket A-1754-67. The per curiam opinion, dated October 8, 1969, is unreported and therefore reproduced here:

"All the grounds of appeal rely on plain error, no objections having been advanced at trial.

As to references by the State to other crimes, the mention of the robbery of Fatima, the victim Reeves' companion, was proper as related to a common scheme and plan. State v. Sinnott, 24

N.J. 408, 413-14 [132 A.2d 298] (1957). The mention of defendant's rape of Fatima was volunteered by a State witness and reproved by the prosecutor. A timely objection by defendant would have elicited an appropriate instruction by the court. There was no plain error.

The circumstances of the out-of-court identifications do not manifest plain error.

Supreme Court of New Jersey denied his petition for certification, State v. Watson, 55 N.J. 169, 259 A.2d 919 (1969). Appellant then filed a petition for a writ of habeas corpus in the United States District Court alleging (1) improper admission of testimony relating to the commission of "other crimes" by the petitioner, (2) improper cross-examination of petitioner by the prosecutor and (3) out-of-court identifications which tainted the in-court identification.[2] The district court dismissed the petition by concluding that there were no errors which infringed upon any constitutional rights of Watson. On January 25, 1971 this court granted appellant's motion for a certificate of probable cause and for leave to docket out of time.

The testimony at the state trial is well summarized in the opinion and order of the district court and requires no repetition.[3] Although no objection was made to any of the testimony at trial we have examined the arguments advanced on this appeal which relate solely to such testimony and find them to be without substance. In United States ex rel. Cannon v. Maroney, 373 F.2d 908, 910 (3 Cir. 1967) we said:

> "It is well settled that errors committed during the trial of a criminal case in a state court are not subject to review in a habeas corpus proceeding in a federal court unless it is shown that the errors were so conspicuously prejudicial as to deprive the defendant of a fair trial."

We do not find any trial errors or irregularities which denied Watson a fair trial or constituted a deprivation of due process.

The order of the district court dismissing Theodore Watson's petition for writ of habeas corpus will be affirmed.

> We find no substance in the argument that the prosecutor's questioning of defendant implied he was under a duty to proclaim his innocence during interrogation by the police."

2. These reasons were also advanced as grounds of appeal in the state proceedings and reasserted in the district court.

3. Appellant's appendix includes the Magistrate's recommendation and the district court's opinion and order.