Garrigus *v.* The State, *ex rel.* Moreland, Auditor.

No. 8625.

·GARRIGUS *v.* THE STATE, EX REL. MORELAND, AUDITOR.

·COUNTY COMMISSIONERS.—*Contempts.*—*Attorneys.*—The power of the board of. county commissioners to punish for contempt is limited by statute, R. S. 1881, section 5744, to a fine of three dollars or imprisonment for twenty-four hours, and they are not authorized to suspend an attórney from practice before them.

SAME.—*Dismissal of Appeal.*—*Practice.*—Where, on appeal from the county commissioners to the circuit court, in proceedings for contempt against an attorney, the case is dismissed as to the charge for contempt, it ends the whole proceedings, and a subsequent trial and judgment of suspension from practice before the board, is without authority.

·CONTEMPT.—*Right of Trial by Jury.*—A jury trial for contempt is not proper.

From the Howard Circuit Court.

*J. O'Brien, N. R. Linsday, T. A. DeLand, A. C. Harris* and *W. H. Calkins,* for appellant.

*R. Vaile* and *J. F. Vaile,* for appellee.

NIBLACK, J.—Previous to December, 1878, proceedings had been taken upon petition, under the drainage laws then in force, for the location and construction of a ditch in Howard county, known as Huston Ditch No. 336, and a remonstrance had been filed by certain persons affected, or to be affected, by such proceedings, upon which reviewers had been appointed to review the matters complained of in the remonstrance. On the 10th day of December, 1878, a majority of the reviewers so appointed made a report of their proceedings to the board of commissioners of the county of Howard, and filed the same with Henry L. Moreland, the auditor of that county. The next day the commissioners took action upon, and approved, the report, ordering it, also, to be entered upon the record of their proceedings.

On the 19th day of the same month, the commissioners having been convened in special session, Moreland, as such auditor, filed with and presented to them his affidavit, charging that on the day following the approval of the report, that

is to say, on the 12th day of said month of December, 1878, and before such report had been entered of record, Milton Garrigus, an attorney who had been in the habit of practicing before said commissioners, came into his office and asked for, and obtained possession of, said report; that after so getting possession of the same the said Garrigus avowed his intention of taking said report away with him, which, after refusing to sign a receipt for it, he accordingly did; that the affiant had several times requested him, the said Garrigus, to return said report to the auditor's office of said county, which he had refused to do. Wherefore the said Moreland prayed that the said Garrigus might be ordered and required to return said report to him as auditor as herein above stated, and that, in default thereof, he, said Garrigus, might be punished for contempt of the authority of said board of commissioners.

Garrigus appeared immediately to the proceedings thus instituted against him, and upon his oath, in the form of an affidavit, explained his connection with the business concerning which the report was made, as attorney for the remonstrators, admitted that he had the report and accompanying papers in his hands at the time and place named in Moreland's affidavit, for the purpose of ascertaining what had been done in regard to some matters connected with the same business, but denied that he took the report with him from the auditor's office, or that he had since had the same in his possession, or that he knew where the report then was, and protested that, for these reasons, he was unable to return the report to the auditor's office, or to produce the same to the commissioners in the event that he should be required to do so. Upon due consideration, the commissioners ordered and adjudged that Garrigus should pay a fine of fifty dollars and be suspended from practicing before them for the period of six months.

Garrigus then appealed to the circuit court, where the affidavit of Moreland was amended by adding to it a prayer that

Garrigus might be suspended from practicing before the board of commissioners from which the appeal had been so taken.

Garrigus thereupon moved that the proceedings against him be dismissed and that he be discharged. The court sustained the motion as to the charge of contempt, but overruled said motion as to so much of the proceedings as prayed that he, Garrigus, might be suspended from practice.

The court, assuming that an issue had been formed between the State of Indiana, on the relation of Moreland, auditor, as plaintiff, and Garrigus as defendant, empanelled a jury to try the cause. The jury, after hearing evidence adduced by the parties respectively, returned a verdict finding the defendant guilty as charged, and, after considering and overruling a formal motion for a new trial, the court ordered and adjudged that Garrigus should return the report, alleged to have been carried away by him, to the auditor's office, and in default thereof that he be suspended from practicing as an attorney before the board of commissioners in question for the period of six months.

The powers conferred upon the several boards of county commissioners of this State are generally much more ministerial than judicial in their essential character, and, when sitting as courts, such boards have only a special and quite limited jurisdiction.

By the act defining the general powers and duties of county commissioners, in force at the time the proceedings under review took place, it was provided that "Such commissioners, or the auditor, may administer all oaths necessary to carry into effect the provisions of this act; and they shall have power to preserve order, when sitting as such, to punish contempts by fine not exceeding three dollars, or imprisonment not exceeding twenty-four hours; may enforce obedience to all orders made by them by attachment or other compulsory process; and when fines are assessed by them, execution shall

issue therefor, and be collected and paid over as other fines." 1 R. S. 1876, p. 351, sec. 11.    See, also, R. S. 1881, sec. 5744.

We construe this section to mean that while county commissioners may enforce obedience to all orders lawfully made by them by attachment or other compulsory process of a summary character, the power to punish persons for a contempt of their authority can not exceed a fine of $3 or imprisonment in the county jail not exceeding twenty-four hours.

Section 778 of the code of 1852 provided that when an attorney, on request, refused to deliver over money or papers to the person from whom or for whom he had received them in the course of his professional employment, he might be required, after reasonable notice, to deliver over such money or papers within a specified time, or show cause why he should not be punished for contempt.

The next section contained a provision that, in such cases, on the motion of or in an action brought by the party aggrieved, the court might suspend the attorney from practice for any length of time in its discretion, and in addition render judgment for the amount of money withheld, with ten per cent. damages, after deducting fees and other proper credits, and make any proper order respecting the papers which the attorney had refused to deliver over.

These sections are relied upon as sustaining the proceedings in this case, both before the commissioners and in the circuit court.

The admission of a person as an attorney, as well as his suspension or exclusion from practice, is a judicial act. 1 Wait Actions and Defenses, 433, 473, *et seq.; Ex Parte Secombe*, 19 Howard, 9.   Such an act can only be performed by courts possessing a general jurisdiction, either original or appellate.    *Mattler* v. *Schaffner*, 53 Ind. 245.    Many of the powers conferred upon the courts of this State over the general subject of the admission, rights and liabilities of attorneys could not and can not still be exercised by an inferior court of limited and merely statutory jurisdiction.

As has been seen, a court having jurisdiction of the subject might, under section 779 of the code of 1852, *supra,* in addition to suspending an attorney in certain cases, render judgment against him for money unlawfully withheld without limit as to amount. No such jurisdiction as would enable the boards of county commissioners of this State to render such a judgment has ever been either expressly or impliedly conferred upon those tribunals.

Again, it will be observed that section 781 of the same code reserved to an attorney the right of appeal to this court from a judgment of suspension, removal, or of other kindred character, against him.

The plain inference from that provision is that such a judgment could only be rendered by a court from which an appeal might be taken to this court. An appeal directly to this court from decisions made by boards of commissioners has never been permitted; consequently the code of 1852 conferred no jurisdiction upon such boards of any of the matters embraced in sections 778 and 779, to which reference has been made.

It is true that section 9 of the act defining the powers and duties of county commissioners, to which we have already referred, enjoined that " Such commissioners shall adopt regulations for the transactions of business ; and in the trial of causes, they shall comply, so far as practicable, with the rules for conducting business in the circuit court." But that section did not confer upon the commissioners any concurrent jurisdiction with the circuit courts. Nor did it otherwise enlarge the jurisdiction devolved upon them by other sections and other statutes. The latter clause simply prescribed the general manner in which the limited judicial powers already possessed by, or thereafter to be conferred upon, county commissioners, should be exercised in the trial of causes.

Sections 778 and 779, relied on as above, do not sustain the proceedings below for another reason, and that is, those sections applied only to controversies between attorneys and their clients, or other persons to whom they were under pro-

fessional obligations, and not to cases like this, in which a constructive contempt of the authority of a court only is charged.

When, therefore, the circuit court dismissed so much of the proceedings against the appellant as charged him with contumacious conduct towards the board of commissioners, all the proceedings appealed from, of which the commissioners had any jurisdiction, were at an end, and hence nothing remained of the appeal upon which the circuit court could base further proceedings of any kind.

This case was neither a criminal cause nor a civil action, but a summary proceeding merely incidental to the proper administration of justice. A trial of it by a jury was, consequently, unauthorized by any well established precedent, and, indeed, quite anomalous. Proffatt Jury Trial, section 103; *Wells* v. *Caldwell*, 1 Marshall, 441; *Lewis* v. *Garrett*, 5 How. (Miss.) 434; *Ex Parte Robinson*, 3 Ind. 52; *Baker* v. *Gordon*, 23 Ind. 204.

In all such summary proceedings, the court considers the facts, and takes such action as the exercise of a sound discretion requires it to take, without the assistance of a jury.

In what we have said, we do not intend to be understood as deciding that a board of commissioners may not, on account of misconduct, prevent an attorney from appearing before them in some particular proceeding, or may not punish him for a contempt to the extent of their jurisdiction. In respect to the proceedings before us, it is sufficient to hold that the several boards of county commissioners of the State have no jurisdiction over the general subject of the suspension or removal of attorneys from practice.

The judgment is reversed, at the costs of Moreland, the relator, and the cause remanded, with instructions to the circuit court to dismiss the proceedings and discharge the appellant.

Filed Feb. 19, 1884.