# Richmond

## NORFOLK AND PORTSMOUTH BAR ASSOCIATION v. W. SHEP-HERD DREWRY.

January 11, 1934.

Present, All the Justices.

The opinion states the case.

*J. W. Eggleston, J. Hume Taylor, James G. Martin* and *John B. Jenkins, Jr.,* for the plaintiff in error.

*Vivian L. Page, Nathaniel T. Green* and *L. S. Parsons,* for the defendant in error.

HOLT, J.,[1] delivered the opinion of the court.

This is a proceeding brought by the plaintiff in error, plaintiff below, to disbar or to discipline one of its members, the defendant in error and defendant below, for professional conduct charged to have been corrupt. The petition bears date April 19, 1932, and is addressed to the Honorable Allan R. Hanckel, judge of the Circuit Court of the city of Norfolk. That court on that day entered an order requiring the defendant to appear before it on May 20, 1932. Process was served and these facts were certified to this court, whose Chief Justice, under authority of Code, section 3424, as amended by Acts of 1928, ch. 457, p. 1162, designated the Honorable C. Vernon Spratley, judge of the Eleventh Judicial Circuit, the Honorable Frank Armistead, judge of the Fourteenth Judicial Circuit, and the Honorable Allan R. Hanckel, judge of the Circuit Court of the city of Norfolk, as a tribunal to hear and to pass upon the petition.

On May 28, 1932, defendant appeared by counsel and moved that the complaint be dismissed, assigning as grounds therefor reasons numbered alphabetically and running from a to p. On August 17, 1932, the motion to dismiss was overruled and the case set down for hearing. It came on to be heard on November 10, 1932, when the motion to dismiss was renewed. It was then sustained and from that judgment this appeal was taken.

For manifest reasons we shall not undertake to discuss the character of these charges. Their sufficiency is not in issue, nor does any evidence appear in the record to sustain them. The order of November 10, 1932, did not rest upon any want of proof, but upon jurisdictional grounds alone.

In the petition the right to relief is placed upon two grounds. It is said that necessary power is conferred by

---

[1] By reason of circumstances over which the court had no control it became necessary to reassign the task of preparing this opinion. This accounts for the delay in deciding the case.

the statute and also that it is inherent in the court. The statutes relied upon are Code, sections 3423 and 3424, as amended by Acts 1928, ch. 457.

■ In their examination certain general principles arc to be remembered. While attorneys at law are not officers in the sense that a judge is an officer (*Bland and Giles County Judge Case*, 33 Gratt. [74 Va.] 443), they are court officers and may be disciplined. (*Ex parte Fisher*, 6 Leigh [33 Va.] 619.)

■ This is an inherent power. *Opinion of the Justices* (1932), 279 Mass. 607, 180 N. E. 725, 727, 81 A. L. R. 1059; *People ex rel. Karlin* v. *Culkin*, 248 N. Y. 465, 162 N. E. 487, 60 A. L. R. 851; *People* v. *Meyerovitz*, 278 Ill. 356, 116 N. E. 189; *In re Cohen* (1928), 261 Mass. 484, 159 N. E. 495, 55 A. L. R. 1309; *In re Wolfe's Disbarment*, 288 Pa. 331, 135 Atl. 732, 50 A. L. R. 380; *In re Burton* (1926), 67 Utah 118, 246 Pac. 188; 6 C. J. 581.

This power, since the judiciary is an independent branch of government, is not controlled by statute. *In re Wolfe's Disbarment, supra; In re Burton, supra; In re Branch*, 70 N. J. Law 548, 57 Atl. 431; *Opinion of the Justices, supra.*

In this last named case it was said: "The inherent jurisdiction of the judicial department of government over attorneys at law is illustrated in several of our decisions to the effect that power to remove an attorney for misconduct, malpractice, or deficiency in character, although recognized by statute (G. L., ch. 221, section 40, as amended by St. 1924, ch. 134), is nevertheless inherent and exists without a statute. *In re Randall, petitioner*, 11 Allen [Mass.] 472; *Matter of Carver*, 224 Mass. 169, 172, 112 N. E. 877, and cases cited; *Matter of Ulmer*, 268 Mass. 373, 397, 167 N. E. 749, and cases cited. No sound distinction can be drawn with respect to attorneys at law between the power to admit and the power to remove under the terms of the Constitution.

"Numerous statutes have been passed making provision in aid of the judicial department in reaching a proper

selection of those qualified for admission as attorneys to practice in the courts. It is not necessary to review them in detail. Like many other statutes, they have been enacted to enable the courts to perform their duties. They have been enacted, also, in the exercise of the police power to protect the public from those lacking in ability, falling short in learning, or deficient in moral qualities, and thus incapable of maintaining the high standard of conduct justly to be expected of members of the bar. No statute can control the judicial department in the performance of its duty to decide who shall enjoy the privilege of practicing law."

In *Ex parte Secombe,* 19 How. 9, 13, 15 L. Ed. 565, is this statement: "It has been well settled, by the rules and practices of common-law courts, that it rests exclusively with the court to determine who is qualified to become one of its officers, as an attorney and counsellor, and for what cause he ought to be removed." See, also, *Ex parte Garland,* 4 Wall. 333-379, 18 L. Ed. 366.

The power to discipline is judicial in its nature. *Opinion of the Justices, supra; Garrigus Case,* 93 Ind. 239, 242; *People* v. *Gorindar,* 350 Ill. 256, 182 N. E. 732; 6 C. J. 581, 2 R. C. L. 1104.

When a delinquent is disciplined the purpose of the proceeding is not to punish him, but to protect the public. *People* v. *Meyerovitz, supra; People ex rel. Karlin* v. *Culkin, supra; Ex parte Wall,* 107 U. S. 265, 2 S. Ct. 569, 588, 27 L. Ed. 552; *McCumber* v. *Rovelsky* (1930), 203 Wis. 158, 233 N. W. 627; 2 R. C. L. 1104; 6 C. J. 581; *State* v. *Kern* (1930), 203 Wis. 178, 233 N. W. 629.

Since the purpose is not to punish, the proceeding is not a criminal prosecution.

"The proceeding is, in its nature, civil, and collateral to any criminal prosecution by indictment. The proceeding is not for the purpose of punishment, but for the purpose of preserving the courts of justice from the official ministration of persons unfit to practice in them." *Ex parte Wall, supra; State* v. *Peck* (1914), 88 Conn. 447, 91

Atl. 274, L. R. A. 1915A, 663, at p. 667, Ann. Cas. 1917B, 227; *Bar Ass'n of Boston* v. *Greenhood,* 168 Mass. 169, 183, 46 N. E. 568.

■ It is an informal proceeding and it is only necessary that the defendant be informed of the nature of the charge and be given an opportunity to answer. *In re Information to Discipline Certain Attorneys of Sanitary Dist. of Chicago,* 351 Ill. 206, 184 N. E. 332; *Hess* v. *Conway,* 93 Kan. 246, 144 Pac. 205; 95 Am. Dec. (note) 342; 6 C. J. 603.

■ It is not necessary that the offense charged be committed in court or even in the discharge of any professional duty. *People* v. *Meyerovitz, supra; In re Information to Discipline Certain Attorneys of Sanitary Dist. of Chicago, supra; In re Burton, supra; Gottesfeld's Case,* 245 Pa. 314, 91 Atl. 494; *In re Cary,* 146 Minn. 80, 177 N. W. 801, 9 A. L. R. 1272; *State* v. *Graves,* 73 Ore. 331, 144 Pac. 484, L. R. A. 1915C, 259; *State* v. *Peck; supra; Ex parte Wall, supra;* R. C. L., p. 1099.

■ In *Ex parte Fisher, supra,* it was said that all courts of record in Virginia have inherent power in proper cases to suspend or annul the license of an attorney practicing in the particular court which pronounces the sentence of disbarment, but that legislative power was necessary to make its sentence effective in other courts of the Commonwealth.

*Legal Club* v. *Light,* 137 Va. 249, 119 S. E. 55, was a case in which an original petition was filed in this court charging misconduct in the Circuit Court of Campbell county. It was held that the statute did not confer jurisdiction on this court, and so for want of it the case was dismissed. The statute did not confer jurisdiction, but it had original inherent jurisdiction, and as we have seen by the heavy weight of authority, it had inherent original jurisdiction where professional misconduct existed whether such misconduct occurred in or out of its presence. This inherent power, the court seemed to think, under the *Fisher Case,*

was limited to itself and could not be extended in the absence of statute to all the courts of the Commonwealth.

The bar of Virginia appears to have been of opinion that section 3196 of the Code of 1887 did not cover misconduct out of court. This subject came up for discussion at a meeting of the Virginia State Bar Association in 1899. The matter was referred to a committee of which Professor Lile was chairman. His report, in part, appears in the *Light Case*. Its recommendations were adopted and by act of date March 7, 1900 (Acts 1899-1900, ch. 954, p. 1060), it was provided: "If the Supreme Court of Appeals, or any court of record of this State, observe any malpractice or any corrupt unprofessional conduct therein by any attorney, or if complaint, verified by affidavit, be made to any such court of malpractice or of corrupt unprofessional conduct by an attorney therein, or if complaint, verified by affidavit, be made to any court of record (other than the Supreme Court of Appeals) of any malpractice or any corrupt unprofessional conduct by an attorney practicing therein, such court shall issue a rule against such attorney to show cause why his license to practice law shall not be revoked or suspended."

This act was amended at the extra session of the legislature for the years 1902-3-4, ch. 354, p. 571, but no change was made in the foregoing provision and it continued to be the law unchanged until the Code of 1919 was adopted.

The law as thus written covered the entire subject. It dealt with cases which occurred in court and were observed by it, with cases which occurred there and were observed by others, and with cases which occurred out of court.

In that Code this statute (section 3424) appears in this form:

"If the Supreme Court of Appeals, or any court of record of this State, observe any malpractice or any corrupt or unprofessional conduct therein, by any attorney, or if complaint, verified by affidavit, be made to any such court, of malpractice, or of corrupt or unprofessional conduct

on the part of any attorney therein, such court shall issue a rule against such attorney to show cause why his license to practice law shall not be revoked or suspended."

Formerly the statute, as we have seen, provided that complaint might be made of unprofessional conduct "by an attorney practicing therein." As phrased by the revisors it applies to any "attorney therein," and it is contended that misconduct out of court is no longer covered; that "This proceeding is instituted under section 3424 of the Code of the Laws of Virginia, and the said section confines complaints against an attorney of this State to malpractice or unprofessional conduct upon the part of any attorney committed in the Supreme Court of Appeals, or any court of record in this State by observation of the court or duly verified affidavit by any person, and not otherwise."

On the other hand, the petitioner claims that there has been no substantive change made and that "attorney therein" should be construed to mean "attorney thereof" or "attorney qualified therein."

Undoubtedly the defendant's claim has merit. This construction might be sustained but for the manner in which changes in the old law had been brought about. It would restore abuses which had long been a matter of public comment, and which, at the instance of the bar, had been removed by the legislature. No misconduct in courts not of record, however gross, could be disciplined nor could misconduct out of court be reached, and it is out of court that conspiracies to defeat the administration of justice are usually devised. The profession itself has constantly sought to raise its own standards, and to its requests the legislature has always made a sympathetic response.

■ Statutes should be construed with reference to their spirit and reason. *Buzzard* v. *Commonwealth,* 134 Va. 641, 114 S. E. 664. To hold that courts should not be concerned with conduct of counsel except in a case of judgment, if not absurd, is certainly unreasonable.

The Code revisors themselves did not think that any material changes had been made which affect the issue here. Judge Burks tells us of their system (Report of Va. State Bar Asso., vol. 31, p. 214) :

"Immediately after the text, there will be placed the revisors' notes where material changes have been made, calling attention to the change and the reasons therefor."

This is the change which they thought had been made in the old statute of sufficient importance to be noted in their comments.

"Revisor's Note.—Formerly this section allowed a jury in the Supreme Court of Appeals. This provision has been stricken out."

■ Change in phraseology is not important. Code revisors often make such changes and shorten statutes with no intention to change their substance and no change in substance will be construed as intended unless it plainly appears. Lile, Notes on Statutes, p. 335. In the *Light Case* the court said that Code, sections 3423 and 3424, covered the entire field. Certainly they do not cover it if they cannot reach misconduct out of court.

On March 26, 1928 (Acts 1928, ch. 457, p. 1162), this act was again amended. It did not change the substance of matters which we have considered, but made provision for the special court from whose judgment this appeal has been taken. That court is not a court of general jurisdiction, but was constituted for one special purpose with statutory powers only and without those which usually inhere in courts of general jurisdiction.

It may be conceded that the matter was not plain, and so on March 10, 1932 (Acts 1932, ch. 129, p. 138), there was another amendment, and the law now reads:

"If the Supreme Court of Appeals, or any court of record of this State, observe, or if complaint, verified by affidavit, be made by any person to such court of any malpractice or of any unlawful or dishonest or unworthy or corrupt or unprofessional conduct on the part of any attorney, or that any person practicing law is not duly

licensed to practice in this State, such court shall, if it deems a proper case for such action, issue a rule against such attorney or other person to show cause why his license to practice law shall not be revoked or suspended."

Let us for the moment concede, to use the language of counsel for the defendant, that the revisors "may not have appreciated the effect of the language used"—a concession somewhat strained in view of the insistent demands of the bar itself for relief—the omission in their drafted statute was most unfortunate and should have been corrected as soon as ascertained.

Proceedings to discipline lawyers are not set on foot to punish them, but to protect the public. It is want of character which is important and not the place where that is made manifest. The public is not interested in the situs of their misdeeds and we know of no statute of limitations which can be invoked.

If the act of March 10, 1932, is in force, that ends this case. The petition was filed after it was enacted, but before it took effect. Judgment on the motion to dismiss was entered on November 10, 1932, at which time that statute was in operation. As we have seen, this is not a criminal proceeding and in no constitutional sense is the statute *ex post facto* in its operation.

In *Ex parte Wall,* 107 U. S. 273, 2 S. Ct. 569, 576, 27 L. Ed. 552, it appears that the license of a practicing physician was revoked. It was held that *ex post facto* punishment had not been inflicted. The court, quoting from Lord Mansfield, said: " 'The question is whether, after the conduct of this man, it is proper that he should continue a member of a profession which should stand free from all suspicion. * * * It is not by way of punishment; but the courts in such cases exercise their discretion, whether a man whom they have formerly admitted is a proper person to be continued on the roll or not.' "

Since this statute is remedial, it applies to pending cases:

"Statutes which are remedial will be given a retro-

spective effect, unless they direct to the contrary. Where, therefore, an act of Congress enlarges the jurisdiction of the circuit court, it will be construed to apply to cases pending and undetermined at the passage of the act, unless excluded by its terms or necessary implication from the language of the act." Headnote *Larkin* v. *Saffarans* (C. C.), 15 Fed. 147. See, also, Black on Interpretation of Laws, p. 264.

The power to investigate alleged past misdeeds should be sustained whenever it is possible to do so. To this extent liberality of construction is the rule, but reasonable strictness of proof is necessary before guilt should be held to have been established—not proof beyond a reasonable doubt, but clear proof.

For reasons stated, we are of opinion that the motion to dismiss should have been overruled and that this case should have been heard upon its merits. It is so ordered.

*Reversed and remanded.*