## CORPORATION COURT OF THE CITY OF WINCHESTER

Seventh District Committee
of the Virginia State Bar

    v.

E. Eugene Gunter

November 14, 1969

Case No. L-601

By    JUDGE HAROLD H. PURCELL,
       JUDGE HAMILTON HAAS, and
       JUDGE ELLIOTT MARSHALL

The facts of this cause serve to support with strong persuasive force the contention that prosecuting attorneys should be prohibited from engaging in any private practice of law.

In contested divorce and child custody cases, especially, the very nature of the controversies, with their usually attendant virulent criminations and recriminations, some justified, almost invariably results in situations in which a Commonwealth's Attorney will be faced with perplexing problems of conflict of interest or other improprieties. Almost without exception each of the spouses charges the other with crimes such as adultery or lewd and lascivious cohabitation and the Commonwealth's Attorney will be required to decide whether to prosecute his client and/or the opposing litigant if the offenses occurred within the period of the statute of limitations in his jurisdictional territory. Even if the statutory period has elapsed the public image of the Commonwealth's Attorney must suffer deplorably when he fails to prosecute either or both. If he prosecutes he is very properly subject to criticism for his activities in the civil case. If

not within his territory, can he properly fail to report the crime to his neighboring Commonwealth's Attorney?

These considerations were no doubt among those which prompted Judges Gates and White of the Circuit Court of Chesterfield County, Virginia, to enter an order prohibiting the Commonwealth's Attorney or his assistants from:

> representing any person in a domestic relations case, *a case involving the custody of a child*, cases involving juvenile problems or divorce actions in the County of Chesterfield. (Italics supplied)

This action of the Court resulted in the resignation of the Commonwealth's Attorney and two of his assistants because the pay of the office is insufficient to offset the financial loss occasioned by the ruling.

It has been recommended that the territorial jurisdiction of Virginia Commonwealth Attorneys be extended sufficiently to warrant full time employment with a salary and perquisites which would be competitive with the incomes of private practitioners and attractive to competent lawyers. This appears to be the only satisfactory solution to this vexatious problem. However, in the meanwhile, though there are few disbarment proceedings such as the instant one, there will no doubt continue to be suspicion by both laity and bar of improper conduct by Commonwealth's Attorneys who take these cases.

In the instant case Mr. Gunter, at the time of his election to the office of Commonwealth's Attorney of Frederick County was counsel of record for Dorothy Joanne Willey Anderson in her divorce case against her husband, Frank Clinton Anderson, then pending in the Circuit Court of that County. Her bill alleged desertion; his cross-bill alleged adultery. The chief dispute, however, was between Joanne and Frank's mother over the custody of a child, the latter having been granted temporary custody.

In late February or early March, 1968, at a time when Mr. Gunter was counsel, Joanne's mother obtained a certificate purporting to show that Frank had entered into a bigamous marriage in Hagerstown, Maryland. Joanne sought to use this information as a weapon to obtain custody of the child by an offer to Frank to suppress

it in exchange for Frank's and his mother's withdrawal of any opposition to Joanne's claim for custody of the child.

Frank's mother testified that Mr. Gunter, in a telephone conversation at about the same time that the marriage certificate was obtained by Joanne's mother, offered to suppress all evidence of Frank's bigamy in return for Joanne's and her mother's withdrawal of all claim to custody of the child. She also said that the offer was repeated later.

Mr. Gunter, in his testimony, denied any such telephone conversation and any knowledge of the existence of the certificate until September 4, 1968, when it was delivered to him by Joanne, after which he promptly offered the certificate in evidence in the divorce case. Continuing to act as counsel in the divorce case, he later moved the Court to issue a bench warrant charging Frank with bigamy and, after indictment, prosecuted him upon the charge.

This case concerns two separate charges of malpractice:

First: That Mr. Gunter was guilty of offering to compound a felony by agreeing to suppress the evidence and not to prosecute Frank for bigamy in exchange for his client's receiving custody of the child which offer, if accepted, would violate Virginia Code Section 18.1-303; and,

Second: Assuming that he was not guilty of the first charge, he was guilty of unethical conduct in continuing in the dual capacity of counsel for Joanne and Commonwealth's Attorney after he learned of the evidence of Frank's bigamy and cohabitation within his jurisdictional territory.

As to the first, there could be no doubt that if Mr. Gunter made the aforesaid offer to Frank's mother, his license to practice law should be revoked under Code Section 54-74. Such conduct by any attorney would be "dishonest, unworthy, corrupt and unprofessional if not unlawful." (Ibid.) If committed by a Commonwealth's Attorney the offense would be even more heinous.

Even if the offer actually were made only by Joanne with the knowledge and consent of Mr. Gunter it would justify his disbarment.

However, after a careful reading and study of all of the evidence presented we find that we are not convinced of Mr. Gunter's guilt to that degree of satisfaction required by law.

The burden of proof is described in only one Virginia Case of which we have knowledge:

> reasonable strictness of proof is necessary before guilt should be held to be established--not proof beyond a reasonable doubt, but clear proof. *Norfolk & Portsmouth Bar Association* v. *Drewry*, 172 S.E. 282.

In West Virginia:

> To disbar or suspend an attorney, the evidence of misconduct charged against him must be full, preponderating and clear. *State Bar Committee on Legal Ethics* v. *Pietranton*, 99 S.E.2d 15.

The evidence in the case is so conflicting that it leaves us in a position of uncertainty which impels us to find that this burden of full and clear proof has not been sustained. We, therefore, find the defendant not guilty of the first charge.

As for the second charge, there can be no doubt that he was guilty of unprofessional conduct.

At the moment he received the marriage certificate with knowledge of possible cohabitation by Frank with the bigamous spouse in Frederick County it should have become plain to him that a conflict of interest confronted him. He should promptly have withdrawn as counsel in the divorce case or disqualified himself as Commonwealth's Attorney and delivered to the attorney designated in his place all of his evidence relating to the bigamous marriage. To remain as counsel in the divorce case and at the same time set in motion the prosecution of his client's adversary was unprofessional, unethical and deserving of strong censure.

We feel, however, that the nature of this unprofessional conduct is such as not to justify extreme corrective measures. We are inclined to view Mr. Gunter's conduct as probably due more to ignorance or insensitivity than

to corrupt motive which would justify revocation or suspension of license to practice law, and we, therefore, are of opinion that a reprimand is the proper punishment in this case. We feel that a finding of unethical conduct and a reprimand by the Court is a severe punishment for any attorney and that it will serve to prevent future improprieties. Certainly, after this, he will proceed with greater caution in contested divorce and custody cases if he decides to continue to accept retention during his incumbency as Commonwealth's Attorney.