In the Matter of JOHN D'ARCY, an Attorney, Respondent. NEW YORK STATE BAR ASSOCIATION, Petitioner.

Fourth Department, November 6, 1975

*David E. Brennan* for petitioner.

*George F. Francis* for respondent.

*Per Curiam.* Respondent was admitted to practice as an attorney at law in this Department on June 26, 1962. On February 25, 1975 petitioner, New York State Bar Association, filed a petition on notice to respondent setting forth allegations of the following facts:

On May 3, 1974, while respondent was District Attorney of Allegany County, an indictment was filed against him charging him with 29 counts of official misconduct in violation of section 195.00 of the Penal Law, 29 counts of unlawful imprisonment in violation of section 135.05 of the Penal Law, 16 counts of endangering the welfare of a child in violation of section 260.10 of the Penal Law, 2 counts of forgery, third degree in violation of section 170.05 of the Penal Law, 8 counts of criminal possession of a forged instrument in violation of section 170.20 of the Penal Law and 1 count of assault in violation of section 120.00 of the Penal Law. Upon arraignment respondent pleaded not guilty to all counts; however, after resigning as District Attorney on September 20, 1974, respondent pleaded guilty to 5 counts of the indictment, including 3 of unlawful imprisonment, 1 of official misconduct and 1 of forgery in the third degree. The counts of unlawful imprisonment charged that respondent intentionally and unlawfully restrained three named females by confining their limbs and bodies without their consent and with knowledge that the restriction was unlawful. The count of official misconduct charged that respondent, while District Attorney of Allegany County, used an official letter and subpoena to secure the release from school of a named girl for a purpose wholly unauthorized and outside the scope of his official function and duties as District Attorney. The count of forgery third degree charged that respondent, with intent to defraud, deceive or injure another, falsely altered a letter from the National District Attorneys Association. Allegany County Court imposed fines and concurrent prison sentences for the five counts to which respondent pleaded guilty, each of which was a Class A misdemeanor.

Respondent filed an answer admitting the foregoing allegations and setting forth in mitigation, among other things, that prior to his arrest and up to the time of sentence he had been under the care of a psychiatrist for depression and emotional illness, which were symptoms of a deep-seated and long-stand-

ing emotional disturbance. He requested that a referee be appointed to hear matters in mitigation of the charges.

On February 28, 1975 a Referee was appointed by the court and, following receipt of testimony offered by petitioner and by respondent, a report was filed with this court.

Prior to the incidents which are the subject of this proceeding, it appears that the respondent was an intelligent individual who when he did legal work did it in a very capable manner. On occasion there were problems getting him to do the work. There had been no complaints about the respondent's honesty or integrity.

Respondent was a heavy drinker until the fall of 1969. Within a month of that time he began taking amphetamines as diet pills. These were legally prescribed for him by his family medical doctor. The respondent apparently did not always use the pills as prescribed. The medical testimony indicates that these had a bad effect upon him physically and emotionally.

From his own testimony and the testimony of fellow attorneys, employees and two psychiatrists it is apparent that although the respondent was capable of comprehending and participating in his own defense, he was suffering from a deep-seated psychoneurosis during the period at least from 1969 to the present and that this condition still prevails.

The answer served by respondent and the evidence received at the hearing indicate that more of the offenses charged in the indictment were committed by respondent than those to which he pleaded guilty. The unlawful acts engaged in by him take on added significance by reason of his position as a public officer involved in the enforcement of the Penal Law of this State, which he was sworn to uphold at the time he assumed his office. His misconduct was, in addition to a violation of the penal statute, a violation of paragraphs (3), (4) and (5) of subdivision (A) of DR 1-102 of the Code of Professional Responsibility.

The conduct of respondent constitutes a serious violation of the standards of conduct required of a member of the Bar in discharging the duties of his office and he should be disbarred, and his name stricken from the roll of attorneys.

MARSH, P. J., CARDAMONE, SIMONS, GOLDMAN and DEL VEC-CHIO, JJ., concur.

Order of disbarment entered.