■ In the Matter of ROBERT W. WILLIAMS, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. — Respondent was admitted to the Bar by this court on January 17, 1979 and maintains an office for the practice of law in the City of Gloversville. In this proceeding to discipline him upon a charge of professional misconduct, petitioner moves to confirm the report of the referee to whom the issues were referred, and respondent cross-moves to confirm in part and disaffirm in part said report. The petition contains a single charge, containing five specifications, related to an incident involving an evening with a young lady in the City of Saratoga Springs, on October 23, 1981, when respondent took her to his home, allegedly against her will, in the early morning hours of that date after they had been drinking at various bars in the area. Her complaint resulted in criminal charges against respondent, which culminated in his plea of guilty, on October 29, 1982, to unlawful imprisonment in the second degree, a class A misdemeanor (Penal Law, § 135.05). This proceeding was instituted by petition dated December 6, 1983 and a hearing on the charges was held on June 7, 1984 before a referee designated by this court.

The charge accuses respondent of violating DR 1-102 of the Code of Professional Responsibility, in that, as a result of the

incident and the fact that he pleaded guilty to a misdemeanor, he (1) engaged in illegal conduct involving moral turpitude (DR 1-102 [A] [3]); (2) engaged in conduct that is prejudicial to the lawful administration of justice (DR 1-102 [A] [5]); and (3) engaged in conduct that adversely reflects on his fitness to practice law (DR 1-102 [A] [6]).

The referee found that the circumstances, together with the plea of guilty, amounted to evidence of illegal conduct involving moral turpitude, but concluded there was no evidence that respondent had violated DR 1-102 (A) (5) or (6) since the "affair" was strictly social and did not involve misrepresentation or any wrong involving respondent's capability as an attorney. He also observed that much of the testimony was very confusing due to the vagueness of memory by reason of the consumption of alcohol.

Our view of the record compels a similar conclusion. Moreover, there are several inconsistencies in the complainant's testimony, including a disclaimer of remembering anything that occurred that morning because of intoxication. In any event, we do not find there is sufficient proof that respondent engaged in conduct involving moral turpitude, as that term is generally understood, and disagree with the finding of the referee on that charge. However, even though respondent testified that his guilty plea was prompted by the intense publicity resulting from media coverage of the incident, forcing him to leave his practice in Saratoga Springs and leading him to believe a trial would only attract further attention to the incident, the fact remains that his plea of guilty to false imprisonment establishes that respondent "restrain[ed] another person" (Penal Law, § 135.05), in spite of his explanation that the plea was entered on the condition that he did not have to make any admissions as to the underlying acts.

An attorney should always maintain his integrity and not commit any act which would compromise his position in the community or be against the public interest. If an attorney places himself in such a situation that he is constrained to admit to the commission of a crime, it compromises his position in the community and constitutes conduct adversely reflecting on his fitness to practice law in violation of DR 1-102 (A) (6) (cf. *Matter of Fisher*, 105 AD2d 452). Consequently, contrary to the finding of the referee, we would sustain that charge.

In determining the appropriate sanction, we must consider respondent's unblemished record and the fact that he is a competent, highly regarded attorney, as evidenced by letters and affidavits in the record attesting to his good character and

reputation. Furthermore, he has suffered the stigma of a criminal conviction with all of the media coverage attendant thereto. Accordingly, and in the interest of justice, respondent should be censured (see *Matter of Brophy,* 83 AD2d 975; *Matter of Lang,* 56 AD2d 183).

Motion and cross motion granted in part and denied in part, in accordance herewith, and respondent censured. Kane, J. P., Main, Weiss, Mikoll and Yesawich, Jr., JJ., concur.