In the Matter of RICHARD A. CROCE (Admitted as RICHARD ANTHONY DAVID CROCE), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 13, 1992

**APPEARANCES OF COUNSEL**

*Gary L. Casella (Etta M. Biloon* of counsel), for petitioner.

*John G. Bonomi* for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with two allegations of professional misconduct. The Special Referee sustained only Charge Two. The petitioner moves to confirm the report of the Special Referee insofar as it sustained Charge Two and to disaffirm that report insofar as it failed to sustain Charge One. The respondent cross-moves to confirm the Special Referee's findings with respect to Charge One dismissing that charge and to confirm the Special Referee's findings with respect to Charge Two, which is admitted. The respondent seeks an order limiting the sanction against him to a censure.

Charge Two alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit and misrepresentation. In February 1989, the Law School Admissions Council undertook an investigation into allegations that the respondent permitted another individual to take the December 1981 Law School Admission Test (hereinafter LSAT) for him. When called upon to respond to the allegations of impersonation, the respondent, by letter dated February 7, 1989, denied the allegations in full. By letter dated February 23, 1989, the respondent retracted his denial and admitted that he had, in fact, arranged to have another individual take the LSAT for him. The respondent submitted the score achieved by that individual as his own.

After reviewing all of the evidence adduced, we find that the Special Referee properly sustained Charge Two. The respondent is guilty of the misconduct outlined above. The petitioner's motion to confirm in part and disaffirm in part is granted to the extent that the Special Referee's report is confirmed and Charge Two is sustained. The respondent's cross motion is granted to the extent that the Special Referee's findings are confirmed.

In determining the appropriate measure of discipline to impose, we have taken into consideration the mitigating circumstances advanced by the respondent. We nevertheless find that the respondent made a misrepresentation designed to defraud the Law School Admissions Council and that without such misrepresentation, he might not have been admitted to law school. The respondent is guilty of serious professional

misconduct and does not possess the character and integrity required of a member of the Bar. Accordingly, the respondent is disbarred forthwith.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and HARWOOD, JJ., concur.

Ordered that the petitioner's motion to confirm, in part, the report of the Special Referee and to disaffirm in part is granted with respect to Charge Two and the respondent's cross motion is granted to the extent that the Special Referee's report is confirmed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Richard A. Croce is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Richard A. Croce is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.