[710 NYS2d 57]

In the Matter of RAYMOND H. WONG, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 29, 2000

## APPEARANCES OF COUNSEL

*Jeremy S. Garber* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Bing Li* of counsel (*Raymond H. Wong, P. C.,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Raymond H. Wong, was admitted to the practice of law in the State of New York by the First Judicial Department on May 2, 1988. He was also admitted to practice as an attorney in New Jersey on December 21, 1989. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department, as well as in New Jersey.

The Departmental Disciplinary Committee (DDC) seeks an order for reciprocal discipline, pursuant to 22 NYCRR 603.3, publicly censuring respondent predicated upon the fact that he was similarly disciplined by the New Jersey Supreme Court or, in the alternative, sanctioning respondent as this Court deems appropriate.

By order dated January 26, 1999, the New Jersey Supreme Court reprimanded respondent and required him to perform 250 hours of community service not involving activities with children for violating New Jersey Rules of Professional Conduct (RPC), rule 8.4 (b) (criminal conduct that reflects adversely on an attorney's honesty, trustworthiness or fitness), arising out

of an accusation charging respondent with a crime involving respondent's sexual touching, during a gymnastic practice which occurred in June 1986 when respondent was a 30-year-old law student, and the female victim was 10 years of age.[1] The victim reported the crime to the authorities on July 26, 1993. Respondent was charged in Morris County, New Jersey on December 13, 1994 with this crime.

Respondent entered a plea of not guilty, but at a subsequent meeting with the investigating detective, the victim, the victim's family, respondent and his attorney, respondent admitted that he had perpetrated these acts. He was then admitted to the Morris County Pre-Trial Intervention Program, upon completion of which on January 19, 1996, the criminal charge was dismissed. In the disciplinary proceedings brought in New Jersey, after a hearing, it was determined that respondent's intentional criminal misconduct was a violation subjecting respondent to discipline, even though it had happened prior to his admission to the New Jersey Bar, and that the appropriate discipline would be a public reprimand.

The New Jersey Supreme Court held that respondent's intentional criminal misconduct violated RPC 8.4 (b) in New Jersey. Such misconduct on the part of an attorney would constitute a violation of Code of Professional Responsibility DR 1-102 (A) (3) and (7) (22 NYCRR 1200.3; see, Matter of D'Arcy, 49 AD2d 197; Matter of Williams, 105 AD2d 974).

The narrow legal issue presented in this proceeding is whether respondent's pre-admission sexual misconduct, which did not come to light until after respondent's admission to the New York and New Jersey Bars, constitutes "misconduct" within the meaning of Rules of the First Department (22 NYCRR) § 603.3 (c) (3). In addressing the question of jurisdiction over pre-admission misconduct under its own rules, the New Jersey disciplinary authorities and Supreme Court both determined that jurisdiction was properly found over respondent's pre-admission conduct.

Respondent has framed this issue by asserting one of the three available defenses to a reciprocal disciplinary proceeding in his verification statement pursuant to 22 NYCRR 603.3 (c), to wit, that "the misconduct for which Respondent was disciplined in the foreign jurisdiction does not constitute

---

1. By an order of the same date, the New Jersey Supreme Court impounded the record so as to protect the identity of the victim of respondent's sexual abuse.

misconduct in this jurisdiction because of statute of limitation." The reference to "statute of limitation" is apparently an inartful reference to the question of this Court's jurisdiction over pre-admission conduct, as his accompanying memorandum of law demonstrates.

Although New York courts have asserted jurisdiction over attorneys whose pre-admission conduct related to law school or the admission process (*see, Matter of Croce*, 179 AD2d 319; *Matter of Steinberg*, 137 AD2d 110, *lv denied* 72 NY2d 807), there are no New York cases directly addressing whether an attorney can be disciplined for conduct occurring prior to admission and which was *unrelated* to the admission process. We find that respondent's pre-admission conduct can, and in this situation does, constitute "misconduct" under 22 NYCRR 603.3 (c) (3). Thus, the defense in that subsection should be rejected on the merits.

Other States have addressed this issue (*see, Matter of Kerrigan*, 146 NJ 557, 683 A2d 833 [NJ Sup Ct 1996] [attorney suspended for 18 months after pleading guilty to one count of mail fraud, which conduct occurred four years prior to his admission to the Bar]; *Office of Disciplinary Counsel v Zdrok*, 538 Pa 41, 645 A2d 830 [Pa Sup Ct 1994] [attorney suspended for 6 months based on criminal conduct involving loitering and prowling at nighttime which occurred 1½ months prior to admission to Bar and resulted in criminal conviction 15 months after admission which attorney failed to disclose]; *Stratmore v State Bar*, 14 Cal 3d 887, 538 P2d 229 [Cal Sup Ct 1975] [court had authority to discipline attorney for pre-admission misconduct including making false representations to law firms with intent to deceive them, thereby obtaining money to which he was not entitled]; *Kentucky Bar Assn. v Signer*, 533 SW2d 534 [Ky Sup Ct 1976] [disbarment based on pre-admission misconduct would be justified if, after a due process hearing, it was determined that the conduct was of such type that, if known at the time, it would have certainly resulted in denial of admission]).

These holdings are based primarily on two rationales. First, many courts have recognized an "inherent power" in the judiciary to regulate the admission, conduct and disciplining of attorneys (*Stratmore v State Bar, supra*, 14 Cal 3d, at 889, 538 P2d, at 230 ["(o)ur inherent power over the admission, disbarment, and suspension of attorneys has long been recognized"]; *Norfolk & Portsmouth Bar Assn. v Drewry*, 161 Va 833, 172 SE 282 [Va Sup Ct 1934] [attorneys are court officers and the court

has inherent power to discipline them]; *Gould v State*, 99 Fla 662, 127 So 309 [Fla Sup Ct, Div A, 1930] [courts have inherent power to control conduct of attorneys in order to maintain their dignity]). This inherent power authorizes courts with regulatory jurisdiction over attorneys to impose disciplinary sanctions upon attorneys *independent* of statutory provisions governing the conduct of attorneys, which, by their terms, often apply only to attorneys already admitted to practice (*Stratmore v State Bar, supra*, 14 Cal 3d, at 889, 538 P2d, at 230 [the legislative standards are minimum standards that are not the exclusive grounds for discipline; the court retains inherent power to require additional safeguards]; *Norfolk & Portsmouth Bar Assn. v Drewry, supra*, 161 Va, at 837, 172 SE, at 284 [" 'No statute can control the judicial department in the performance of its duty to decide who shall enjoy the privilege of practicing law' "]). Indeed, many courts have suggested that legislative attempts to restrict the courts' authority to regulate the conduct of attorneys would breach the separation of powers doctrine (*see, Gould v State, supra*, 99 Fla, at 667, 127 So, at 311 [whether the Legislature may limit the court's power to punish attorneys for misbehavior in the practice of the profession is a matter of grave doubt]; *Norfolk & Portsmouth Bar Assn. v Drewry, supra*, 161 Va, at 836, 172 SE, at 283 [the inherent power to discipline attorneys is not controlled by statute since the judiciary is an independent branch of government]).

The principle that attorneys are subject in the first instance to the power and control of the courts is also firmly embedded in New York jurisprudence, as an inherent power recognized by our Constitution as well as a statutory power reflected in the regulations by which attorneys are disciplined. The language in Judiciary Law § 90 (2) stating "The supreme court shall have the power and control over attorneys and counsellors-at-law" broadly establishes judicial governance over the conduct of attorneys. Notably, this judicial role was stated in like terms as far back as the New York State Constitution of 1777 (*see, People ex rel. v Karlin v Culkin*, 248 NY 465 [1928]).

Moreover, as in the *Stratmore* case (*supra*), there is explicit authority in this Court's Rules to support a determination that we retain the inherent authority to discipline attorneys for misconduct independent of any violations of New York's Code of Professional Responsibility (NY Code), which focuses exclusively on prohibitions applicable to a "lawyer." Section

603.1 (c) of the First Department Rules (22 NYCRR 603.1 [c]) provides in part: "Neither the conduct of proceedings nor the imposition of discipline pursuant to this Part shall preclude the imposition of any further or additional sanctions prescribed or authorized by law, and nothing herein contained shall be construed to deny to any other court or agency such powers as are necessary for that court or agency to maintain control over proceedings conducted before it."

This provision is not dissimilar to the statute in *Stratmore* which persuaded the California Supreme Court that, notwithstanding another California statute's limitation of attorney discipline to conduct " 'arising after [his] admission to practice' " (*Stratmore v State Bar, supra,* 14 Cal 3d, at 889, 538 P2d, at 229, quoting Cal Bus & Prof Code § 6100), the inherent power of New York courts to discipline attorneys is likewise unaffected by the NY Code's focus on misconduct by "[a] lawyer." (DR 1-102 [a].)

The second rationale for permitting the discipline of attorneys based on pre-admission misconduct is the protection of the public and to maintain the integrity of the courts. "Disciplinary proceedings are not for the purpose of punishment, but rather seek to determine the fitness of an officer of the court to continue in that capacity and to protect the courts and the public from the official ministration of persons unfit to practice." (*Office of Disciplinary Counsel v Zdrok, supra,* 538 Pa, at 49, 645 A2d, at 834.) Since courts possess the power to discipline attorneys for conduct that is both in and out of their profession so as to ensure the public's right to representation by attorneys who are worthy of trust, "it is irrelevant that [an attorney's] misconduct precede[s] his admission to practice." (*Stratmore v State Bar, supra,* 14 Cal 3d, at 890, 538 P2d, at 231.)

Thus, the court has both the power and a continuing duty to make sure that an attorney is fit to practice law after he or she is admitted to practice (*see, Norfolk & Portsmouth Bar Assn. v Drewry, supra,* 161 Va, at 842, 172 SE, at 286, quoting *Ex parte Wall,* 107 US 265, 273 [ " 'the question is whether, after the conduct of this man, it is proper that he should continue to be a member of a profession which should stand free from all suspicion * * * [and] whether a man whom they have formerly admitted is a proper person to be continued on the roll or not' "]; *Gould v State, supra,* 99 Fla, at 668, 127 So, at 311 ["(t)his power must necessarily exist to enable the court to preserve its dignity and integrity and prevent the exercise of the privilege

of practicing by one whose character and course of dealing renders him unfit"]).

The power and responsibility of this Court to discipline an attorney for pre-admission conduct is firmly grounded in the case law. We hold that respondent Wong's defense under 22 NYCRR 603.3 (c) (3) fails on the merits because under this State's law, his pre-admission conduct in New Jersey would indeed constitute misconduct in New York.[2]

Accordingly, the petition for an order pursuant to 22 NYCRR 603.3 should be granted, and respondent publicly censured.

TOM, J. P., WALLACH, LERNER, SAXE and BUCKLEY, JJ., concur.

Petition granted and respondent publicly censured.

---

2. Respondent has asserted the additional defense under 22 NYCRR 603.3 (c) (2) that there was such an "infirmity of proof" in the other jurisdiction that this Court could not accept such finding. This defense is easily rejected, as the evidence, including his own apology to the victim during the criminal case, strongly supported the finding that respondent intentionally engaged in sexual misconduct.