[738 NYS2d 38]

In the Matter of ANDREW L. SINGER (Admitted as ANDREW LEWIS SINGER), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 14, 2002

APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Hal R. Lieberman* of counsel (*Edwards & Angell, LLP,* attorneys), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Andrew L. Singer was admitted to the practice of law in New York by the First Judicial Department on February 6, 1995, as Andrew Lewis Singer.

Respondent was charged, in the Circuit Court of Loudoun County, Virginia, with one count of aggravated sexual battery, in violation of section 18.2-67.3 of the Virginia Code Annotated, and two counts of indecent exposure, in violation of section 18.2-370 of the Virginia Code Annotated. He subsequently pleaded guilty to one count of aggravated sexual battery. On February 17, 1998, respondent was sentenced to a term of imprisonment of 20 years, with 16 years and eight months suspended, lifetime probation, costs, restitution, and certain other conditions of release.

Subsequently, this Court, inter alia, granted the petition of the Departmental Disciplinary Committee (DDC) and found that the crime of which respondent was convicted was a "serious crime," suspended him until further order of the Court, and appointed a referee to hold a hearing as to sanction 60 days after respondent's release from incarceration. Although the criminal conduct to which he pleaded guilty is a felony in Virginia, such conduct would only constitute a class A misdemeanor in New York because no forcible conduct was involved.

By order dated May 4, 2000, the District of Columbia Court of Appeals disbarred respondent, on his consent, retroactive to April 22, 1998, the date of his interim suspension in that jurisdiction. Respondent consented to his disbarment because the crime he committed involved moral turpitude, a ground for disbarment there.

In New York, the Referee conducted a hearing at which respondent testified. The DDC recommended that respondent be suspended for five years retroactive to February 4, 1999, the date of his interim suspension, with the condition that respondent continue intensive psychotherapy as directed by his physicians and therapists. Respondent suggested a four-year suspension with the same conditions. By a report dated July 17, 2001, the Referee recommended that respondent be disbarred.

Noting that the facts and law were not in dispute, the Hearing Panel unanimously disagreed with the Referee's recommended sanction, instead recommending a five-year suspension retroactive to respondent's interim suspension with the requirement that he be independently evaluated by a therapist attesting to his continued rehabilitation and abstinence from any illegal conduct and that he commit to a long-term regimen of treatment by a recognized specialist if he ever applied for reinstatement.

The DDC now seeks an order confirming the findings of fact and conclusions of law set forth in the Hearing Panel's determination and the Referee's report and imposing whatever sanction upon respondent the Court deems just, pursuant to 22 NYCRR 603.4 (d) and 605.15 (e) (2).

Since this is a "serious crime" proceeding, the only issue to be decided is the appropriate sanction to impose based on the nature of the offense and any mitigating or aggravating circumstances. The sanctions imposed on attorneys involved in sexual misconduct in New York State run the gamut from public censure to disbarment (see, Matter of Wong, 275 AD2d 1 [reciprocal discipline of public censure for attorney's preadmission sexual touching of a 10-year-old girl]; Matter of Apovian, 140 AD2d 736 [reciprocal discipline of six-month suspension where attorney convicted of criminal sexual contact]; Matter of Harlow, 280 AD2d 870 [disbarment where attorney convicted in Connecticut of the felony of engaging in sexual contact with a 13-year-old girl after corresponding over the internet, and was suspended in Connecticut for 10 years]). Cases in other jurisdictions also have divergent sanctions (see e.g., Matter of Herman, 108 NJ 66, 527 A2d 868 [attorney suspended for three years for sexual assault of 10-year-old boy]; Matter of Conn, 715 NE2d 379 [Ind] [attorney suspended for minimum of two years based on conviction for sexual exploitation of minors]).

Respondent has submitted counsel's affirmation requesting disaffirmance of the Referee's recommendation as to sanction and confirmation of the Hearing Panel's findings of fact, conclusions of law and recommendation that the Court impose a five-year suspension with specific conditions, as outlined by the Hearing Panel, that must be met before his reinstatement. Respondent argues that imposing these conditions on his reinstatement sufficiently protects the public, maintains the integrity of the bar, and permits him to continue with his forthright efforts to recover.

In determining the appropriate sanction, we must bear in mind that the purpose of a disciplinary proceeding is not to

punish the respondent but rather, to determine the fitness of an officer of the court and to protect the courts and the public from attorneys unfit to practice (*Matter of Wong, supra,* 275 AD2d at 6). Based upon the disturbing nature of the crime and the aggravating factors, we believe the appropriate sanction is disbarment.

First, the sentence imposed on respondent by the State of Virginia was substantially greater than that imposed on any of the attorneys cited in the New York cases. Second, respondent admitted that he was unfit to be a member of the bar in the District of Columbia because his crime involved moral turpitude; and although New York no longer considers that as a factor in assessing an appropriate sanction, it would be anomalous to permit him to practice in New York, after a suspension, when he cannot practice in another jurisdiction. Third, in *Matter of Harlow (supra)*, the New York case with the most analogous facts, the Third Department disbarred the attorney. Fourth, respondent admitted that over a 10-year period from the time when he was 17, he had engaged in similar conduct with one other child and with up to four other children in other instances. Fifth, to suggest that several years of treatment will be enough to protect the public from a person who, according to his therapist, has a "lifelong pattern of maladaptive behavior" is speculative. Sixth, respondent's misconduct, and the aggravating evidence, seriously undermines the public's confidence in this profession. Finally, as the Referee noted, there was a "glaring absence" of any character letters on respondent's behalf.

Accordingly, the petition should be granted, the Hearing Panel's findings of fact and conclusions of law confirmed, and respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law, retroactive to February 4, 1999, the date of his interim suspension.

WILLIAMS, J.P., MAZZARELLI, SAXE, SULLIVAN and ELLERIN, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to February 4, 1999.