[885 NYS2d 685]

In the Matter of GREGORY B. FLYNN, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, October 2, 2009

**APPEARANCES OF COUNSEL**

*Mary E. Gasparini, Senior Counsel, Fifth Judicial District Grievance Committee*, Syracuse, for petitioner.

*Carl E. Worboys*, Syracuse, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 16, 1982, and formerly maintained an office for the practice of law in Syracuse. The Grievance Committee filed a petition charging respondent with acts of professional misconduct based upon two underlying criminal charges filed against him and his conduct during a fee arbitration proceeding. Although respondent initially filed an answer denying certain material allegations of the petition, he admitted the facts as alleged when he appeared before this Court.

Respondent admits that his failure to pursue de novo review of an arbitration award made in favor of his client delayed the resolution of the matter and that, as a result of his failure, the client was foreclosed from reducing the award to an enforceable judgment. He further admits that, although he has been making payments to the client, he has not yet paid the award in full. Additionally, respondent admits that, on January 13, 2009, he was convicted following a jury trial in Onondaga Town Court of driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), and was sentenced to a one-year conditional discharge and was ordered to pay a fine. Finally, respondent admits that, on December 13, 2008, he was charged with aggravated unlicensed operation of a motor vehicle in the second degree (§ 511 [2]), based upon his alleged failure to remain current with his child support obligation. It is undisputed, however, that respondent provided the Grievance Committee with a notice of compliance establishing that he had taken the required steps to avoid or terminate the suspension of his driver's license and that the charge was subsequently reduced to a nonmoving violation. Consequently, we decline to find that the conduct alleged in charge three of the petition supports the charged violations of the Disciplinary Rules, and we dismiss charge three.

We conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3])—engaging in illegal conduct that adversely reflects on his honesty, trustworthiness or fitness as a lawyer;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice; and

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer.

We have considered the matters submitted by respondent in mitigation, including that, at the time of the misconduct, he

suffered from serious health problems. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured. In addition, we direct respondent to satisfy the fee arbitration award made in favor of his client, in accordance with the order entered herewith.

MARTOCHE, J.P., FAHEY, GREEN and PINE, JJ., concur.

Order of censure entered.