OPINION OF THE COURT
Per Curiam.
Respondent Amy R. Gurvey was admitted to the practice of law in the State of New York by the Third Judicial Department on June 4, 1985, under the name Amy Rebecca Weissbrod. In 1998, respondent changed her name with the Office of Court Administration (OCA) to “Amy R. Gurvey” and, in 2004, she allegedly advised OCA that she was changing her name to “Amy R. Weissbrod Gurvey.” Current OCA records still reflect respondent’s name as “Amy R. Gurvey.”
This matter arises from a 10-year litigation wherein respondent alleged that she was fraudulently induced to vacate her federally-subsidized Battery Park City apartment. The litigation resulted in, among other things, two Civil Court decisions and one Supreme Court decision imposing monetary sanctions against respondent totaling approximately $8,783. The observations of the courts and/or referees who sanctioned respondent included that her conduct was “indicative of harassment and an abuse of the judicial process” and “mean spirited and vexatious,” and that her “inappropriate use of the courts” resulted in “needless expense in the defense of a frivolous lawsuit.” She was sanctioned for “years of vituperative litigation,” frivolous motion practice, and intentional misrepresentations to the court.
In April 2005, the Departmental Disciplinary Committee (DDC) issued a letter of admonition to respondent based on one of the sanction decisions. When respondent demanded that the admonition be vacated, the DDC commenced a collateral estoppel proceeding based on all three sanction decisions. The DDC contended that respondent’s behavior violated the Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]) (conduct involving fraud, dishonesty, deceit or misrepresentation), DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]) (conduct prejudicial to the administration of justice), DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]) (conduct that adversely reflects on fitness to practice), and DR 7-102 (a) (1) (22 NYCRR 1200.33 [a] [1]) (taking an action on behalf of a client when the lawyer *199 knows or when it is obvious that such action serves to merely harass or maliciously injure another).[1]
On March 18, 2008, this Court granted the DDC’s collateral estoppel petition and remanded the matter back to the DDC for a sanction hearing. Respondent moved for reconsideration and leave to appeal to the Court of Appeals, and we denied both motions. On September 14, 2010, the Court of Appeals denied respondent’s motion for leave to appeal.
At the sanction hearing, respondent challenged the jurisdiction of this Court and the DDC on the grounds that she has never maintained an office for the practice of law within the First Department, that she has not practiced law since 2002, and that the sanctions imposed against her arose from her conduct as a party-litigant, not as an attorney. Respondent admitted that she had not paid the sanctions, nor did she intend to do so. Respondent also testified that she suffers from, among other things, a serious immune deficiency condition that has resulted in serious illnesses, some of which have been life threatening. Respondent also testified that she has been treated for cancer, and that her only source of income was disability benefits.
On December 15, 2011, the Hearing Panel issued a report in which it recommended that respondent be publicly censured. The DDC seeks an order, pursuant to 22 NYCRR 605.15 (e), to disaffirm the Panel’s recommendation and suspend respondent for one year. The DDC argues that whether respondent was in active practice or not, she engaged in a long pattern of frivolous litigation and willfully disregarded judicial orders imposing sanctions.
In response, respondent, pro se, has submitted a cross motion in which she requests: (1) that the collateral estoppel proceeding be dismissed; (2) that this Court’s prior orders be vacated; (3) that the matter be transferred to the Third Department for the commencement of sanction proceedings against the DDC; (4) that the matter be consolidated with her CPLR article 78 proceeding[2] and her pending appeal in the Third Department of *200 an order dismissing her lawsuit against the State of New York;[3] and (5) that she be awarded attorneys’ fees and monetary damages.
We agree with the DDC that the respondent’s conduct warrants more than public censure. While the Panel noted that respondent’s conduct did not pose “a threat of harm to the public at large,” it nonetheless impacted seven state and federal courts. Although respondent was not acting as a practicing attorney at the time she was sanctioned, this Court has disciplined attorneys for conduct that is “both in and out of their profession so as to ensure the public’s right to representation by attorneys who are worthy of trust” (Matter of Wong, 275 AD2d 1, 6 [1st Dept 2000]; Matter of Bikman, 304 AD2d 162 [1st Dept 2003], lv denied 100 NY2d 506 [2003]). Furthermore, respondent’s pursuit of frivolous and vexatious litigation, as well as her misrepresentations to the court, warrant suspension (see e.g. Matter of Tillem, 56 AD3d 94 [1st Dept 2008]; Matter of Pu, 37 AD3d 56 [1st Dept 2006], lv dismissed and denied 8 NY3d 877 [2007]; Bikman, 304 AD2d 162).
However, respondent’s misconduct, while serious, is mitigated by her well-documented health problems (see e.g. Matter of Flynn, 69 AD3d 5 [4th Dept 2009]; Matter of Meltzer, 293 AD2d 202 [1st Dept 2002]). Therefore, the one-year sentence urged by the DDC is unduly harsh.
Accordingly, the DDC’s motion should be granted to the extent that respondent should be suspended from the practice of law for a period of six months effective 30 days from the date hereof, and until further order of the Court. Respondent’s cross motion should be denied in its entirety (2012 NY Slip Op 92297DJ]). Respondent cannot seek reinstatement at the conclusion of her suspension without proof of payment of the sanctions.
Gonzalez, P.J., Tom, Saxe, Friedman and Catterson, JJ., concur.
Respondent suspended from the practice of law in the State of New York for a period of six months, effective 30 days from the date hereof and until further order of this Court. Cross motion denied (2012 NY Slip Op 92297[U]).

. Effective April 1, 2009, Rules of Professional Conduct (22 NYCRR 1200.0) rules 3.1 (b) (2); 8.4 (c), (d), (h).

. In September 2011, after the sanction hearing, but prior to the issuance of the Hearing Panel’s report, respondent commenced a CPLR article 78 proceeding. Supreme Court referred 3 out of 12 of respondent’s claims to this Court.

. In March 2007, respondent filed a lawsuit in the Court of Claims against the DDC and its attorneys alleging intentional and negligent torts, and seeking $30 million in damages. It is assumed that although dismissed, this is the action to which respondent refers.