13-2211-cv
*Weissbrod v. Gonzalez*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19ᵗʰ day of August, two thousand fourteen.

PRESENT:

> JOSÉ A. CABRANES,
> CHESTER J. STRAUB,[*]
> > *Circuit Judges.*

---

AMY R. WEISSBROD,

> *Plaintiff-Appellant,*

> v.                                                     No. 13-2211-cv

HON. LUIS A. GONZALEZ, PRESIDING CHIEF JUSTICE, APPELLATE DIVISION FIRST DEPT., JAMES T. SHED, THOMAS CAHILL, NAOMI GOLDSTEIN, JORGE DOPICO, HALLIBURTON FALES, ORLANDO REYES, ESQ., QUASI-JUDICIAL OFFICERS AT THE FIRST DEPARTMENTAL DISCIPLINARY COMMITTEE "FDDC DEFENDANTS", HON. JONATHAN LIPPMAN, CHIEF JUSTICE OF THE NY COURT OF APPEALS,

> *Defendants-Appellees,*

PAUL CURRAN,

> *Defendant.*

---

[*] Judge Livingston has recused herself from consideration of this matter. Pursuant to Second Circuit Internal Operating Procedure E(b), the matter is being decided by the two remaining members of the panel.

FOR PLAINTIFF-APPELLANT:  Amy R. Weissbrod, *pro se*, Upper Montclair, NJ.

FOR DEFENDANTS-APPELLEES:  Barbara D. Underwood, Solicitor General, Michael S. Belohlavek, Senior Counsel, Mark H. Shawhan, Assistant Solicitor General, *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY.

Appeal from a May 14, 2013 judgment of the United States District Court for the Southern District of New York (Jesse M. Furman, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff Amy Weissbrod, an attorney proceeding *pro se*, appeals from the District Court's judgment dismissing her 42 U.S.C. § 1983 suit as barred by the *Rooker-Feldman* doctrine and on immunity grounds, and from the District Court's order denying reconsideration. We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision to affirm.

A district court has the inherent authority to dismiss an action as frivolous, even when the plaintiff has paid the filing fee. *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000) (per curiam). An action is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). We ordinarily afford special solicitude to *pro se* litigants, but, as an attorney, Weissbrod is not entitled to liberal construction of her pleadings. *See Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010). Although we have not decided whether such *sua sponte* dismissals are reviewed *de novo* or for abuse of discretion, we need not reach that issue here because the District Court's decision "easily passes muster under the more rigorous *de novo* review," *Fitzgerald*, 221 F.3d at 364 n.2.

After review of Weissbrod's complaint and relevant case law, we affirm substantially for the reasons set forth by the District Court in its May 2, 2013 order. Weissbrod complains principally of injuries caused by a state court judgment ordering her to pay a fine and temporarily suspending her from the practice of law. Yet the *Rooker-Feldman* doctrine bars any attempt by Weissbrod to disturb these disciplinary orders. *See Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 86–87 (2d Cir. 2005). Moreover, Weissbrod's claims seeking damages, among other forms of relief, against the defendants in their individual and official capacities were properly dismissed on the grounds of absolute and sovereign immunity. *See Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985); *Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir. 1993).

2

Weissbrod argues further that the District Court erred by denying her request for leave to amend, but she failed to make any substantive argument in support of that contention. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998). In any event, granting leave to amend would have been futile in light of the applicability of the *Rooker-Feldman* doctrine and sovereign and judicial immunity. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

We have considered all of the arguments raised by Weissbrod on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's May 14, 2013 judgment.[1]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] We also deny as moot Weissbrod's motion to file a supplemental appendix (ECF No. 93), inasmuch as the supplemental materials do not affect our review and disposition of this case.

3