NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**AMY R. WEISSBROD GURVEY,**
*Plaintiff-Appellant*

**v.**

**JONATHAN LIPPMAN, PETER TOM, LUIS GONZALEZ, ROLANDO ACOSTA, NAOMI GOLDSTEIN, SHERRY COHEN, JORGE DOPICO, ALAN W. FRIEDBERG, RAYMOND VALLEJO, ORLANDO REYES, LAUREN HOLMES, HEARING PANEL IV, HINSHAW & CULBERTSON, LLP, RICHARD SUPPLE, HAL LIEBERMAN, NYS OFFICE OF COURT ADMINISTRATION, (LAWRENCE MARKS & JOHN MCCONNELL, CHIEF COUNSEL), STATE OF NEW YORK, CITY OF NEW YORK,**
*Defendants-Appellees*

**THOMAS CAHILL, DAVID SPOKONY, JAMES SHED, O. LEE SQUITIERI, SQUITIERI & FEARON, LLP, DOES 1-10,**
*Defendants*

---

2018-2076

---

Appeal from the United States District Court for the Southern District of New York in No. 1:18-cv-02206-AT, Judge Analisa Torres.

————————————————

Decided: February 11, 2019

————————————————

AMY R. WEISSBROD GURVEY, Upper Montclair, NJ, pro se.

DAVID LAWRENCE, III, Litigation Bureau, Office of the Attorney General, New York, NY, for defendants-appellees Jonathan Lippman, Peter Tom, Luis Gonzalez, Rolando Acosta, Naomi Goldstein, Sherry Cohen, Jorge DoPico, Alan W. Friedberg, Raymond Vallejo, Orlando Reyes, Lauren Holmes, State of New York. Also represented by BARBARA D. UNDERWOOD, STEVEN C. WU.

SHAWN KERBY, Office of Court Administration, New York, NY, for defendants-appellees Hearing Panel IV, NYS Office of Court Administration. Also represented by JOHN W. MCCONNELL.

NICOLE FEDER, L'Abbate, Balkan, Colavita & Contini, LLP, Garden City, NY, for defendants-appellees Hinshaw & Culbertson, LLP, Richard Supple, Hal Lieberman.

SUSAN PAULSON, Appeals Division, New York City Law Department, New York, NY, for defendant-appellee City of New York. Also represented by ZACHARY W. CARTER, KATHY CHANG PARK.

————————————————

Before DYK, WALLACH, and CHEN, *Circuit Judges.*

PER CURIAM.

Amy R. Weissbrod Gurvey appeals the district court's dismissal of her case. Because Gurvey fails to allege a non-frivolous claim arising under the patent laws, we *dismiss* the appeal for lack of jurisdiction.

BACKGROUND

Gurvey's case stems from her suspension to practice law by the State of New York for a pattern of frivolous litigation in 2012. *In re Gurvey*, 958 N.Y.S.2d 5 (N.Y. App. Div. 2012) (per curiam).

Based on the disciplinary proceedings, Gurvey brought an earlier suit in 2013 in the District Court for the Southern District of New York against a number of defendants, many of whom are included in this case, alleging violations of her constitutional rights. The district court sua sponte dismissed her claims as frivolous and barred by sovereign immunity, the *Rooker-Feldman* doctrine, and (quasi)-judicial immunity. The Second Circuit affirmed. *Weissbrod v. Gonzalez*, No. 1:13-CV-02565, 2013 WL 12084506 (S.D.N.Y. May 2, 2013), *aff'd*, 576 F. App'x 18 (2d Cir. 2014).

Gurvey then filed substantially the same claims in New York state court, including New York City ("NYC") and the State of New York ("NYS") as defendants. That court similarly dismissed the claims. *Gurvey v. State of New York*, No. 100163/2015 (N.Y. Sup. Ct. Aug. 29, 2016).

Undeterred, Gurvey brought her current suit, again in the Southern District of New York, against NYC, NYS, and various other parties. Her claims were substantially similar to her previously litigated claims. The district court issued a show cause order directing Gurvey to show why her current claims should not be dismissed as barred by res judicata, sovereign immunity, the *Rooker-Feldman* doctrine, and (quasi)-judicial immunity. Order to Show Cause, *Weissbrod Gurvey v. Lippman*, No. 1:18-CV-02206 (S.D.N.Y. Apr. 19, 2018), ECF No. 6. After further submissions by the parties, the district court found that none of Gurvey's claims had any merit and dismissed the case. Order of Dismissal, *Weissbrod Gurvey*, No. 1:18-CV-02206 (S.D.N.Y. June 5, 2018), ECF No. 29. Gurvey appealed to this court.

DISCUSSION

We have jurisdiction over "a final decision of a district court . . . in any civil action arising under . . . any Act of Congress relating to patents." 28 U.S.C. § 1295(a)(1). But federal patent "jurisdiction cannot lie based on allegations that are frivolous or insubstantial." *First Data Corp. v. Inselberg*, 870 F.3d 1367, 1373 (Fed. Cir. 2017) (emphasis omitted) (quoting *Jim Arnold Corp. v. Hydrotech Sys., Inc.*, 109 F.3d 1567, 1571–72 (Fed. Cir. 1997)). "Immaterial, inferential, and frivolous allegations of patent questions . . . will not create jurisdiction in the [Federal Circuit]." H.R. Rep. No. 97-312, at 41 (1981); S. Rep. No. 97-275, at 19 (1981).

Gurvey's claims are principally aimed at contesting her state suspension from the practice of law, an issue over which we do not have independent jurisdiction. But buried among her myriad claims, and in a handwritten note at the end of her complaint, Gurvey claimed that defendants NYC and NYS committed a taking of her patents. In her complaint, however, Gurvey only identified one patent and did not explain what those actions were nor how they constituted infringement or a "taking." Gurvey also did not rely on 28 U.S.C. § 1338 (patent infringement) for jurisdiction in the district court.

In her response to the district court's show cause order, Gurvey alleged that NYS and NYC had infringed her patents, and thus "taken" them via a number of different entities, including NYC transit authority. Insofar as Gurvey alleged that the MetroCard technology infringed her patents, she is precluded from arguing that the MetroCard technology is owned or controlled by NYC based on the prior state court decision, which made a contrary factual finding. Any claims against NYS are barred by sovereign immunity. *See State Contracting & Eng'g Corp. v. Florida*, 258 F.3d 1329, 1335–37 (Fed. Cir. 2001). To the extent Gurvey alleges NYC infringed the patents based on other

activities, we agree with the district court that those allegations are too nebulous to state a non-frivolous patent claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); Order of Dismissal, *Weissbrod Gurvey*, No. 1:18-CV-02206, at *2 (S.D.N.Y. June 5, 2018), ECF No. 29. We conclude that Gurvey has not presented a non-frivolous patent claim particularly since Gurvey is trained as a lawyer. Gurvey has no other theory that is sufficient to support jurisdiction for this appeal.

## CONCLUSION

Because Gurvey has failed to allege a non-frivolous patent claim, we conclude that we lack jurisdiction over the appeal.

## **DISMISSED**